**G. Byron KALLAM, M.D.; Mary Angeline Finke, M.D.; The Medical Clinic of North Texas, P.A.; Obstetrical and Gynecological Associates of Arlington; Gerald Thompson, M.D.; and Family Health Care Associates, Petitioners,**

v.

**Sharon BOYD, Respondent.**

**No. 05–0027.**

Supreme Court of Texas.

Argued Dec. 7, 2006.

Decided June 15, 2007.

---

J. Wade Birdwell, D. Michael Wallach, Jennifer M. Andrews, Wallach Andrews & Stouffer, P.C., Fort Worth, Christine Roseveare, and Joseph A. Turano, Strasburger & Price, L.L.P., Dallas, for Petitioners.

Charles W. Fillmore, Fillmore Law Firm, L.L.P., and Randall D. Moore, Boehme & Moore, L.L.P., Fort Worth, for Respondent.

Peter M. Kelly, Moore & Kelly, P.C., Houston, for Amicus Curiae.

PER CURIAM.

Sharon Boyd sued five health care providers for failing to diagnose her colorectal cancer. The trial court granted partial summary judgment dismissing Boyd's claims of negligence that occurred more than two years before she filed suit as being barred by limitations.[1] That judgment became final by severance, and Boyd appealed. The court of appeals reversed in part, concluding that the Open Courts provision of the Texas Constitution[2] precluded application of the statute of limitations to bar claims before Boyd reasonably could have discovered them, and remanded the case to the trial court.[3] We granted the defendants' petitions for review to de-

---

1. Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 10.01, 1977 Tex. Gen. Laws 2052, formerly TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 ("Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.") (current version at TEX. CIV. PRAC. & REM.CODE § 74.251). The prior law continues in effect for cases like this one, filed before the new Act's September 1, 2003 effective date.

2. TEX. CONST. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.").

3. 152 S.W.3d 670, 687 (Tex.App.—Fort Worth, 2004).

cide this issue, but shortly before oral argument, Boyd died.

Boyd's death does not affect the court of appeals' judgment or the continuation of this appeal.[4] But because of the change in the posture of the case, we decline to address the important constitutional issue that is presented. On remand, Boyd's heirs or estate representative may, of course, continue the litigation.[5] Although we have held generally that "wrongful-death and survival claimants cannot establish an open-courts violation because they 'have no common law right to bring either,' "[6] respondent's counsel and amicus curiae contend that the rule should be different in this case because Boyd's death while on appeal resulted directly from the negligent misdiagnoses, and denying Open Courts protection to her family's statutory claims on these facts would subvert public policy goals. We believe prudence dictates awaiting a case in which this important issue has been fully litigated below "so that we will have the benefit of developed arguments on both sides and lower court opinions squarely addressing the question."[7]

Accordingly, the order granting the petitions for review is withdrawn as improvidently granted, and the petitions for review are denied.

---

4. Tex.R.App. P. 7.1(a)(1) ("Civil Cases. If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.").

5. Tex.R. Civ. P. 151 ("If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. If no such appearance and suggestion be made within a reasonable time after the death of the plain-

tiff, the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias for the heirs or the administrator or executor of such decedent, requiring him to appear and prosecute such suit. After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have the suit dismissed.").

6. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 903 (Tex.2000) (quoting *Bala v. Maxwell,* 909 S.W.2d 889, 893 (Tex.1995)).

7. *Yee v. City of Escondido,* 503 U.S. 519, 538, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992) (citing *Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 552 n. 3, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990)).