**In re the CITY OF LANCASTER, Relator.**

**No. 05–07–00196–CV.**

Court of Appeals of Texas, Dallas.

June 18, 2007.

Robert E. Hager and Karen S. Nelson, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, for Relator.

Barbara L. Emerson and Haakon T. Donnelly, Bellinger & DeWolf L.L.P., Dallas, for Real Party In Interest.

Before Justices MOSELEY, BRIDGES, and FRANCIS.

## SUPPLEMENTAL OPINION

Opinion by Justice MOSELEY.

Before the Court is Relator's June 14, 2007 motion for rehearing and supplemental motion for rehearing. We **GRANT** the motion for rehearing and **WITHDRAW** our June 13, 2007 supplemental opinion and order. This is now the supplemental opinion of the Court.

For background facts we refer to our April 18, 2007 opinion in this original proceeding. Almost one month before we issued that opinion (and an order of the same date based thereon), the trial court conducted a hearing on Relator's, the City of Lancaster's, post-judgment motions. Specifically, the trial court heard the City's "Motion for Rehearing, Motion to Set Aside Summary Judgment and for New Trial, and Alternative Motion to Modify Judgment and Request for Findings of Fact and Conclusions of Law." Thereafter, on March 20, 2007, the trial court entered a new "Summary Judgment," which mooted some—but not all—of the City's grounds for seeking a writ of mandamus.[1] However, counsel for the City did not communicate to this Court that the trial court had revised the summary judgment that

---

1. The propriety of the trial court's consideration of—and ruling on—the City's post-judgment motions is not at issue. By design, nothing in this Court's February 21, 2007 stay order prohibited or otherwise impinged on the trial court's plenary powers with respect to such actions.

was the basis for the City's petition, or that the City's petition was moot in whole or in part.

On April 18, 2007, the Court issued its original opinion, granting the City's petition in part. Two days later, the City filed an "Agreed Motion to Dismiss" the original proceeding, bringing to this Court's attention for the first time the March 20, 2007 summary judgment. Therefore, on April 25, 2007, the Court entered an order vacating the Court's April 18 order (but not the opinion).[2] The Court did not rule on the Agreed Motion to Dismiss, and left pending the original proceeding and the Court's February 21, 2007 stay order.

On May 17, 2007, we ordered:

Robert E. Hager and Karen Nelson, counsel for relator City of Lancaster, to EACH file a response ... setting forth why ... this Court should not:

(1) refer either or both of said counsel to the State Bar of Texas disciplinary authority; and/or

(2) impose a monetary penalty as a sanction.

Such responses shall necessarily include, for each attorney, a sworn affidavit from that attorney as to the facts relating to his or her response.

(Emphasis original.) Nelson and Hager both filed responses.[3]

Hager's and Nelson's responses note that the new summary judgment did not moot the original proceeding in toto, as it still authorized the district clerk to issue a writ of mandamus to enforce the trial court's judgment against the City during the pendency of the appeal. This issue remained in dispute until the issuance of our April 18 opinion, which, among other things, held that such a provision constituted a clear abuse of discretion for which the City had no adequate remedy at law.

Thereafter, according to Hager and Nelson, counsel for Clopton agreed: to pay costs of the original proceeding (as ordered by this Court); that the City could raise its remaining substantive issues regarding the trial court's award of mandamus relief in the direct appeal (as held by this Court in denying a portion of the City's petition); and that he would not request the district clerk to issue a writ of mandamus while the appeal was pending. Hager and Nelson stated it was this subsequent agreement, along with this Court's opinion and order, that formed the basis for the Joint Motion to Dismiss.

Hager and Nelson stated that in filing the Joint Motion to Dismiss their intent was not to request that we vacate the April 18 opinion and order (although that would be the effect of granting a motion to dismiss based on mootness); rather, they sought to inform this Court that no further

---

**2.** We also ordered the City to file a sworn copy of the trial court's modified summary judgment, which was referred to in the City's Agreed Motion to Dismiss. Such document has been filed with the Court.

**3.** At the time of the issuance of the June 13, 2007 supplemental opinion, the record did not contain a response from Hager. Subsequently, with the filing of his motion for rehearing, Hager presented to the Court his response bearing a timely file mark from this Court. Attached to the supplemental motion for rehearing is an affidavit from Nelson stat-

ing that both her response and Hager's response were delivered to the Court on May 25, 2007 for filing by courier. She additionally stated that, after the issuance of the June 13, 2007 Supplemental Opinion, she realized that her files contained both the returned file-marked copies of Hager's response and his original response. Whether the original Hager response was not filed with the Court after being file-marked due to the error of the Court's clerk or the Relator's courier is not relevant and does not affect the outcome of this matter.

**440**

action was necessary against the respondent trial court judge. In other words, Hager and Nelson sought to apprize the Court that the writ of mandamus, conditionally granted, need not issue, as well as somehow avoid the portion of our order directing the trial court judge to file documents with this Court indicating that he had complied with this Court's opinion.

We agree the trial court's subsequent summary judgment did not moot the issues in this original proceeding in their entirety. We now turn to the issue of sanctions.

In our May 18 Order to Show Cause, we noted that the Texas Disciplinary Rules of Professional Conduct impose upon counsel the duty of candor toward the court. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(a)(1), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9). "A lawyer shall not knowingly make a false statement of material fact ... to a tribunal." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(a)(1). Further, Disciplinary Rule 3.03(b) provides:

> If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall make a good faith effort to persuade the client to authorize the lawyer to correct or withdraw the false evidence. If such efforts are unsuccessful, the lawyer shall take reasonable remedial measures, including disclosure of the true facts.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(b). The duties set forth in Disciplinary Rules 3.03(a) and (b) "continue until remedial legal measures are no longer reasonably possible." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(c).

█ Our May 18 Order to Show Cause also noted that the duty of honesty and candor a lawyer owes to the appellate court includes fairly portraying the record on appeal. *Schlafly v. Schlafly*, 33 S.W.3d 863, 873 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Texas Rule of Appellate Procedure 52.11 makes clear that a lawyer has the same duty in original proceedings. TEX.R.APP. P. 52.11. Factual misrepresentations not only violate a lawyer's duty to the appellate court but also subject offenders to sanctions. *Schlafly*, 33 S.W.3d at 873; *Am. Paging of Tex., Inc. v. El Paso Paging, Inc.*, 9 S.W.3d 237, 242 (Tex.App.-El Paso 1999, pet. denied).[4]

The signature lines on the City's petition, its motion for stay and for expedited relief, and its motion to dismiss all indicate that such documents were signed by Nelson, as counsel for the City. The rules of appellate procedure also require the factual statements in a petition for mandamus to be "verified by affidavit made on personal knowledge by an affiant competent to testify to the matters stated." TEX. R.APP. P. 52.3. Here the City's petition was sworn to by Hager.

█ The Texas Rule of Appellate Procedure provide that the appellate court may impose sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

---

4. Similarly, both the Texas Lawyer's Creed and the Texas Standards of Appellate Conduct admonish counsel against making misrepresentations to a court. *Schlafly*, 33 S.W.3d at 873. In Section IV of the Texas Lawyer's Creed, the lawyer steadfastly pledges "I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage." Texas Lawyer's Creed, Lawyer and Judge 6. The Texas Standards of Appellate Conduct instruct appellate counsel to not "misrepresent, mischaracterize, misquote or miscite the factual record or legal authorities." Texas Standards of Appellate Conduct, Lawyer's Duties to the Court 4.

(a) filing a petition that is clearly groundless;

(b) bringing the petition solely for delay of an underlying proceeding;

(c) grossly misstating or omitting an obviously important and material fact in the petition or response; or

(d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

TEX.R.APP. P. 52.11. Additionally, courts possess inherent power to discipline an attorney's behavior. *See Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 732 (Tex.1997) (order on reh'g).[5]

Hager's and Nelson's responses to the Order to Show Cause state that they "absolutely did not offer false material evidence to this [C]ourt." We agree. As noted in the May 18 Order to Show Cause, we presume the facts stated in the petition, filed by Nelson and sworn to by Hager, were correct when the petition was filed. However, this does not end the inquiry. As stated in the May 18 Order to Show Cause, it appeared that thereafter— after this Court had granted a stay and requested a response to the City's petition, and while the matter was pending before the Court—events transpired rendering the facts stated and sworn to in the petition no longer true; that Hager and Nelson knew such sworn statements were no longer true; and that they did nothing to communicate that knowledge to this Court. Thus, the issue is whether attorneys Nelson and/or Hager complied with Disciplin-

ary Rules 3.03(b) and (c) and, if not, why not.

■  Hager's and Nelson's responses argue that they complied because this Court had actual notice of the modified order. This argument is based on Nelson's filing with this Court a notice of a supplemental docketing statement in the direct appeal[6] stating that the summary judgment had been modified, along with a copy of a notice of appeal of the modified (new) summary judgment, which was attached to the supplemental docketing statement. Hager stated he personally reviewed "those pleadings." Nelson stated that she "sincerely did not believe it was necessary to file a duplicate notice of the modified summary judgment in this proceeding. That was an apparent mistake; a duplicate notice should have been filed in this cause number in an abundance of caution." Hager stated that "[c]ounsel made a good faith effort to notify this Court of the modified judgment within one day of its entry, and counsel subjectively believed that notice had been provided in an adequate manner."

In the context of an original proceeding seeking the issuance of a writ of mandamus, the statements in the petition—filed by Nelson and sworn to by Hager—constitute material evidence in the original proceeding. When Hager and Nelson later came to know that Hager's affidavit, even though true when submitted, was rendered false by subsequent events, Disciplinary Rules 3.03(b) and (c) obligate Hager and Nelson to correct or withdraw the false evidence and disclose the true facts. This obligation is not met by filing a supple-

---

**5.** The supreme court also indicated that Chapter 10 of the Civil Practice and Remedies Code applies to motions and other documents filed before an appellate court. *See id.* Chapter 10 is a legislatively-provided mechanism for courts to sanction counsel who violate section 10.001 of the civil practice and

remedies code, which applies to persons who sign "pleadings or motions as required by the Texas Rules of Civil Procedure." *See* TEX. CIV. PRAC. & REM.CODE § 10.001–10.006.

**6.** Cause No. 05–07–00210–CV.

mental docketing statement in another proceeding—with or without a copy of the new summary judgment. Rather, Hager and Nelson were obligated to file—in the original proceeding—either an amended, sworn petition setting forth the correct facts, or (at the very least) another affidavit correcting the statements made and sworn to in the prior petition. We reject Hager and Nelson's argument to the contrary.

Further, when determining an original proceeding, the appellate court must necessarily presume that the facts set forth in the petition and sworn to according to rule 52.3 are correct, *and that they remain correct during the pendency of the original proceeding.* Otherwise, to obtain mandamus relief a petitioner would be in the ludicrous position of having to file regularly additional supplements to the petition assuring the appellate court that such sworn facts remain correct, and thus that mandamus relief is still appropriate. This is not the law. Thus, we read Texas Rules of Appellate Procedure 52.3 and 52.11 as necessarily imposing the same obligation as Disciplinary Rules 3.03(b) and (c)—i.e. that counsel signing a petition in an original proceeding or swearing to the material facts in such a petition have an obligation to inform the appellate court of any changes in such sworn material facts which render those allegations or affidavit false.

■ Based on the record, including Hager's and Nelson's responses to the May 18 Order to Show Cause, we conclude that Hager and Nelson failed to comply with Disciplinary Rules 3.03(b) and (c) and appellate rules 52.3 and 52.11. Hager and Nelson have apologized to the Court, and indicated that any failure on their part was not intentional, but rather was inadvertent. Thus, based on the record—including their responses—we conclude Hager and Nelson have shown cause why they should not be sanctioned in this case. However, we alert counsel as to their obligations to the Court and to the Bar that arise when they sign or swear to petitions filed in original proceedings.

Because the petition for mandamus was not mooted in its entirety as of April 18, 2007, the date of this Court's opinion and order, we deny the Agreed Motion to Dismiss. However, based on the entry of the March 20, 2007 summary judgment, the Court's April 18 opinion, and the agreement of parties as contained in the Agreed Motion to Dismiss and as represented to this Court in Hager's and Nelson's responses to our May 18 Order to Show Cause, we conclude there is no reason for the actual issuance of a writ of mandamus.

Lastly, we vacate the Court's February 21, 2007 stay order, and order that the Clerk treat the case as administratively closed, subject to a motion for reinstatement asserting a violation of the rulings set forth in our April 18, 2007 opinion.