**Order entered April 9, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-10-00126-CV

## MEENAKSHI S. PRABHAKAR, M.D, &
## INFECTIOUS DISEASE DOCTORS, P.A., Appellants/Cross-Appellees

### V.

## DAVID FRITZGERALD, Appellee/Cross-Appellant

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 05-08507-H**

## ORDER

These appeals are from a $17 million jury verdict in a medical malpractice lawsuit, including $5 million for future medical expenses. The trial court reduced the damages award to reflect settlement credits, medical expenses actually paid, and the statutory damages cap for noneconomic damages, and rendered judgment for over $5 million in favor of David Fritzgerald. Meenakshi S. Prabhakar and Infectious Disease Doctors, P.A. (collectively, Prabhakar) asked the court to order that the award for future medical expenses be made in periodic payments rather than a lump sum. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.503 (West 2011). The trial court denied Prabhakar's request.

1

All parties appealed the final judgment. One of the issues raised by Prabhakar was the trial court's refusal to order periodic payments of future medical expenses. On cross-appeal, Fritzgerald argued that the statutory cap on noneconomic damages is unconstitutional. He also argued that the trial court erred by reducing the jury's award of past medical expenses to reflect the amount actually paid.

We issued an opinion and judgment on August 24, 2012. After analyzing the issues raising sufficiency of the evidence and periodic payments, we concluded that the trial court erred by not ordering periodic payments and remanded the case to the trial court for the determination of periodic payments pursuant to section 74.503 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.503.

In considering the issues in Fritzgerald's cross-appeal, we first addressed the constitutionality of the noneconomic damages cap. We noted that the parties had not cited and we did not find any Texas case deciding the issue. We concluded that the statute did not violate either the state or federal constitutions.

We next addressed Fritzgerald's argument that the trial court erroneously reduced the damages for past medical expenses to reflect the "actual amount paid." The record contained the parties' Rule 11 Agreement stating the "actual amount paid." And the record reflected that the trial court reduced the damages award by that amount. However, Fritzgerald argued that the Rule 11 Agreement was "irrelevant" because it was not read to the jury, "no competent evidence was adduced before, during, or after trial" about the amount of write-offs, and the jury was asked to and did find the amount of medical expenses "actually paid or incurred." Explaining the purpose of a Rule 11 Agreement, we disagreed with Fritzgerald's argument and affirmed the trial court's reduction of the noneconomic damages.

2

All parties filed motions for rehearing. Fritzgerald's motion, filed September 12, 2012, asked us to reconsider our decision on the issue of periodic payments for future medical expenses. While these motions were pending, the parties filed a joint motion to abate the cross-appeals pending settlement. We abated the cross-appeals until November 30, 2012.

When the Court did not hear from the parties about the progress of settlement, we sent two letters on two different dates asking for a status update. None of the parties responded to the first letter. In response to our second letter, on January 11, 2013, Prabhakar asked for an additional thirty days in which to finalize the settlement, stating that "the settlement funds have been distributed and the parties are currently awaiting finalization of all the settlement documents."

After the thirty days expired, the Court did not hear anything from the parties. We issued an order on February 20, 2013, directing all parties to file the settlement documents or a joint motion to dismiss the cross-appeals within fifteen days or the Court would reinstate the case and dismiss the cross-appeals without further notice. In response to that order, Prabhakar filed a motion to continue the abatement for an additional sixty days. In the motion, counsel stated that in the process of finalizing the settlement they learned for the first time on January 21, 2013, that Fritzgerald had died on January 24, 2012, a year earlier. Prabhakar asked for the additional time to determine his rights with regard to the settlement.

We ordered counsel for Fritzgerald to respond to the matters asserted in the motion to continue the abatement. In their response, counsel for Fritzgerald stated that the motion is moot because the case has settled. They cited Texas Rule of Appellate Procedure 7.1(a) and argued that the rules did not require them to advise this Court or opposing counsel that Fritzgerald had died. They stated that the "[s]ettlement of this case was adversarial with the parties having the

3

responsibility for determining the facts for themselves before entering into a settlement agreement." And they stated that "[a] simple Google search anytime after January 27, 2012 for 'David Fritzgerald' disclosed his death January of 2012, provided his date of birth and included his photograph." Counsel also represented that Fritzgerald's brother had Fritzgerald's power of attorney, that the brother was Fritzgerald's agent for purposes of this case, that the brother was appointed the executor of Fritzgerald's estate "by his will," and that Fritzgerald's contract with counsel was binding on his heirs, executors, and administrators. Counsel also stated they executed an attorney-client contract with Fritzgerald's brother "with regard to this case."

It is not clear to this Court whether counsel contend that Fritzgerald's power of attorney somehow survived his death, whether Fritzgerald's will was probated and his brother obtained legal authorization to represent his estate, or whether counsel relied on some other authorization to allow them to continue the representation in this matter. But regardless of basis, this Court has significant concerns about counsel's conduct.

Texas Rule of Appellate Procedure 7.1(a) allows an appeal to continue when a party dies while the appeal is pending. TEX. R. APP. P. 7.1(a); *see Kallam v. Boyd*, 232 S.W.3d 774, 775–76 (Tex. 2007). And, as Fritzgerald's counsel noted, Rule 7.1(a) authorizes the parties to continue to use the decedent's name "on all papers" in the appeal. TEX. R. APP. P. 7.1(a). But we do not read rule 7.1(a) as a means to avoid informing the appellate court of the death of a party. *See id.*; *Castillas v. Cano*, 79 S.W.3d 587 *passim* (Tex. App.—Corpus Christi 2002, no pet.) (stating that TRAP 7.1(a) does not "permit an appellate court to proceed with an appeal without questioning whether those purporting to represent the deceased party have authority to do so").

Counsel have a duty of candor to this Court. *See* TEX. DISCIPLINARY R. PROF. CONDUCT R. 3.03, 8.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West Supp. 2012)

4

(TEX. STATE BAR R. art. X, § 9). After Fritzgerald's death on January 24, 2012, these cross-appeals proceeded to oral argument, Fritzgerald's counsel submitted supplemental authorities, this Court issued an opinion and judgment, and both sets of counsel filed motions for rehearing. Fritzgerald's counsel represented to this court at oral argument, by submitting supplemental authorities, by a motion for rehearing, and by failure to make any other announcement, that the party status and their authorization remained unchanged despite the fact that Fritzgerald died before any of those events in this appeal. They did not inform the Court or opposing counsel that Fritzgerald had died, and they did not seek a determination that they had authority to continue to represent Fritzgerald or that the brother had authority in this case to represent Fritzgerald. Also, they did not give the Court or opposing counsel an opportunity to consider whether Fritzgerald's death gave rise to potential conflicts of interest.

Additionally, the death of a party potentially changes the posture of a case and potentially impacts the issues on appeal. *See Kallam*, 232 S.W.3d at 775–76; *In re City of Lancaster*, 228 S.W.3d 437, 438–39 (Tex. App.—Dallas 2007, orig. proceeding) (supp. op.). One of the issues in the cross-appeals here involved periodic payments of future medical expenses that would have terminated upon Fritzgerald's death. *See* TEX. R. CIV. P. 74.506. Fritzgerald's death potentially impacted our analysis of at least that issue.

Courts possess inherent power to discipline an attorney's behavior. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 732 (Tex. 1997) (order on mot. for reh'g); *In re Harris*, No. 05-05-01080-CV, 2005 WL 2212298, at *1–2 (Tex. App.—Dallas, orig. proceeding) (mem. op.). Accordingly, we **ORDER** each lawyer whose name appears on the pleadings, briefs, or motions filed in these cross-appeals to file briefs, and any supporting evidence on which they rely, stating his or her position as to:

5

(a) whether Fritzgerald's death impacts any of the issues presented by the parties in these cross-appeals;

(b) whether the Court should revise or vacate—in whole or in part—any portion of the opinion and judgment it has issued in this case; and

(c) whether the Court should consider and impose sanctions (monetary or otherwise) or any other disciplinary actions against any attorney of record.

Counsel shall file the briefs and any supporting evidence in this Court **by 5:00 p.m. on Wednesday, April 24, 2013**. The mailbox rule does not apply.

Further, we **ORDER** each lawyer whose name appears on the pleadings, briefs, or motions filed in these cross-appeals to appear in our courtroom on **Friday, May 10, 2013, at 10:00 a.m.** to present argument on the above matters.

We **DIRECT** the Clerk to send this order to Linda Turley, Patrick Wigle, and Jeffrey Levinger, attorneys of record for David Fritzgerald; and to Brent Cooper, Diana Faust, and Michelle Robberson, attorneys of record for Meenakshi S. Prabhakar, M.D. and Infectious Disease Doctors, P.A.


/s/    ELIZABETH LANG-MIERS
       JUSTICE