**Dismiss and Opinion Filed July 3, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-13-00134-CV**

**IN RE METHODIST DALLAS MEDICAL CENTER, Relator**

**On Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-07504-L**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Fillmore
Opinion by Justice Francis

On May 9, 2013, this Court issued its opinion and order conditionally granting relator's petition for writ of mandamus. In the opinion, we concluded the trial court had abused its discretion by ordering production of an occurrence report. We ordered the trial court to vacate its January 30, 2013 order granting plaintiff's motion to compel in part and denying defendant's motion for protective order and to render an order denying plaintiff's motion to compel and granting defendant's motion for protective order. We ordered the trial court to file a certified copy of its order issued in compliance with our May 9, 2013 order. On May 10, 2013, the trial court filed its May 10, 2013 order vacating its January 30, 2013 order. In its order, the trial court noted that the parties had settled this case and had filed a motion to dismiss that was granted by the trial court on April 29, 2013.

Appellate courts are prohibited from deciding moot controversies. *See Sepulveda v. Medrano*, 323 S.W.3d 620, 625 (Tex. App.—Dallas 2010, no pet.). A justiciable controversy

between the parties must exist at every stage of the legal proceedings. *Williams v.* Lara, 52 S.W.3d 171, 184 (Tex. 2001). Moreover, we lack jurisdiction to issue advisory opinions. *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993).

The duty of honesty and candor a lawyer owes to the appellate court includes fairly portraying the record on appeal. *In re City of Lancaster*, 228 S.W.3d 437 (Tex. App.—Dallas 2007, no pet.). Texas Rule of Appellate Procedure 52.11 makes clear that a lawyer has the same duty in original proceedings. TEX. R. APP. P. 52.11. Factual misrepresentations not only violate a lawyer's duty to the appellate court but also subject offenders to sanctions. *Schlafly v. Schlafly*, 33 S.W.3d 863, 873 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

We remind the attorneys in this proceeding of their obligation to inform this Court of any change in the facts of a case, including settlement of all issues in controversy. Despite the April 29, 2013 settlement, this Court was not notified until eleven days later, after its May 9, 2013 opinion granting the relief sought had issued. While we have serious concerns about the parties' failure to adequately inform the Court of the status of the case, we decline to take any further action at this time.

Accordingly, under Texas Rule of Appellate Procedure 19.1(a), we withdraw our opinion, vacate our order, and dismiss this original proceeding. *See* TEX. R. APP. P. 19.1(a).

/Molly Francis/
MOLLY FRANCIS
JUSTICE

130134F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE METHODIST DALLAS MEDICAL
CENTER

No. 05-13-00134-CV

On original proceeding from the 193rd
Judicial District Court, Dallas County, Texas
Trial Court Cause No. 12-07504-L.
Opinion delivered by Justice Francis,
Justices Moseley and Fillmore participating.

In accordance with this Court's opinion of this date, we **WITHDRAW** our May 9, 2013 opinion, **VACATE** our May 9, 2013 order, and **DISMISS** this original proceeding. *See* TEX. R. APP. P. 19.1(a).

Judgment entered July 3, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–3–