**AFFIRM; and Opinion Filed February 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01057-CV

**VICTORY PARK MOBILE HOME PARK, Appellant**
**V.**
**SHARON BOOHER, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-12480**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

Appellee Sharon Booher[1] brought suit against appellant Victory Park Mobile Home Park ("Victory") for amounts she alleged were due under an oral partnership agreement. After a jury trial, the trial court rendered judgment for Booher. In three issues, Victory contends the trial court erred by granting a directed verdict on its breach of fiduciary duty counterclaim; by denying its requested jury instruction and question on the issue of offset; and by denying its request for attorney's fees after it prevailed on its breach of contract counterclaim. We affirm the trial court's judgment.

---

[1] Sharon Booher died on March 27, 2013. Her counsel filed a suggestion of death in this Court on April 10, 2013. Booher's death does not affect the continuation of this appeal. TEX. R. APP. P. 7(a)(1) ("If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive."); *see also Kallam v. Boyd*, 232 S.W.3d 774, 775 n.4 (Tex. 2007) (per curiam) (death of plaintiff during pendency of appeal did not affect continuation of appeal).

BACKGROUND

Victory is a general partnership formed by Booher and her sisters Sandra Callihan and Pat Avant. The partnership was formed in 2001 or 2002 for the operation of a mobile home park. Although there was no written partnership agreement, the evidence offered at trial established that Booher, Callihan, and Avant agreed to certain terms for the Victory partnership. First, each partner would receive a monthly payment from the partnership. Callihan testified that the payment was for "managing, running the park, . . . collecting the rent, making sure that the lots were mowed and sewer problems, water leaks, just different things, different things come up all the time." The partners initially agreed to a monthly payment of $1,000 each. By 2010, when Booher filed this suit, this amount had increased to $3,000 per month for each partner. It was undisputed that the partnership did not make monthly payments to Booher after July 2010, but continued to make the payments to Callihan and Avant. Second, the partners agreed that each partner in the Victory partnership would be entitled to rent-free use of ten mobile home lots at the Victory mobile home park. The partner could allow a friend or family member to live on the lot rent-free, or could collect rent on the lot.

Booher collected rent on lots in addition to the ten allotted to her under the partnership agreement (the "additional lots"). Callihan testified that "from the beginning," Booher had "about seven" additional lots on which she was collecting rent. Callihan testified that the number eventually increased to "nine or ten" additional lots. Callihan also testified that the partners agreed that Booher would pay additional compensation to the partnership for the additional lots. Callihan testified that it was "always" the partners' oral agreement that Booher would pay for the additional lots. For some period of time, Booher remitted the rent for these additional lots to the partnership, but ceased doing so. The parties stipulated that Booher did not make any payments for the additional lots after January 1, 2009, because she believed she was

not required to do so.  Callihan testified that Booher's failure to remit the rent she received from the additional lots was the reason that the partnership ceased paying Booher the monthly draw.

Booher brought suit for the monthly payments she alleged were owed to her by the partnership.  Victory counterclaimed for the rent it alleged was due for the additional lots.  Prior to trial, Booher sought summary judgment on several of Victory's counterclaims.  The trial court granted Booher's motion in part, ruling that 1) all of Victory's breach of contract and breach of fiduciary duty claims arising prior to August 23, 2007,[2] were barred by limitations; 2) all of Victory's breach of contract claims on or after January 1, 2009, were barred by the statute of frauds; and 3) Victory could not recover lost profits or exemplary damages, or for malice.

At trial, the trial court directed a verdict for Booher on Victory's counterclaim for breach of fiduciary duty.  Breach of contract questions were submitted to the jury.  The jury found that Victory failed to comply with its agreement to pay Booher $3,000 per month between August 2010 and March 2012.  The jury also found that Booher breached her agreement with Victory. The jury found damages of $60,000 for Booher and damages of $100 for Victory.  The trial court rendered judgment for Booher in the amount of $59,900, plus interest and costs.  The judgment also included an award of attorney's fees to Booher in the amount of $21,625.25 for trial and additional amounts for appeals.  Victory was not awarded any attorney's fees in the judgment. This appeal followed.

### STANDARDS OF REVIEW

In reviewing a directed verdict, we must determine whether there is any evidence of probative force to raise a fact issue on the material questions presented.  *Szczepanik v. First Southern Trust Co.*, 883 S.W.2d 648, 649 (Tex. 1994).  We consider all of the evidence in a light most favorable to the party against whom the verdict was instructed and disregard all contrary

---

[2] This date was four years prior to the filing of Victory's counterclaims on August 24, 2011.

evidence and inferences; we give the losing party the benefit of all reasonable inferences created by the evidence. *Id.* If there is any conflicting evidence of probative value on any theory of recovery, an instructed verdict is improper and the case must be reversed and remanded for jury determination of that issue. *Id.*

We review the trial court's submission of instructions and jury questions under an abuse of discretion standard of review. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012); *Rosell v. Cent. West Motor Stages, Inc.*, 89 S.W.3d 643, 653 (Tex. App.—Dallas 2002, pet. denied). The trial court has broad discretion in submitting jury questions as long as the questions submitted fairly place the disputed issues before the jury. *Rosell*, 89 S.W.3d at 653. To determine whether an alleged error in the jury charge is reversible, we must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety to determine if the trial court abused its discretion. *Id.* A reversal is warranted when the trial court denies a proper submission of a valid theory of recovery raised by the pleadings and evidence. *Id.* Otherwise, we do not reverse unless the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1; *Rosell*, 89 S.W.3d at 653.

We review a trial court's decision to award attorney's fees under an abuse of discretion standard of review. *Bundren v. Holly Oaks Townhomes Ass'n, Inc.*, 347 S.W.3d 421, 440 (Tex. App.—Dallas 2011, pet. denied) (citing *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004)). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules and principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

### DIRECTED VERDICT

Victory argues that a directed verdict on its breach of fiduciary duty claim was improper because it offered at least a scintilla of evidence on each element of its claim. The elements of a

breach of fiduciary duty claim are the existence of a fiduciary relationship, breach of the duty, and injury to the plaintiff or benefit to the defendant as a result of the breach. *See Anderton v. Cawley*, 378 S.W.3d 38, 51 (Tex. App.—Dallas 2012, no pet.). Victory contends that its partners owed each other a fiduciary duty as a matter of law, citing *Johnson v. Brewer & Prichard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002), and other cases. Victory also contends there was undisputed evidence of Booher's breach of the duty, because Booher admitted that she had stopped remitting to Victory the rent she collected for the additional lots. Victory contends Booher's failure to remit this rent resulted in benefit to her and detriment to Victory. Victory contends that in light of this undisputed evidence, the trial court's directed verdict was improper.

In its operative pleading of its claim for breach of fiduciary duty, Victory alleged:

18. As one of only three partners in Victory, Booher is held to a higher standard when dealing with Victory, especially in self-dealing for business purposes.

19. Booher has breached her fiduciary duty to Victory by collecting rent on the additional (9) mobile home lots but not forwarding lot rent to Victory.

20. Further, by misrepresenting that she would pay all money owed to Victory, yet failing to make said payments, Booher breached her fiduciary duty to Victory.

21. The loss of the value of the rent due from Booher constitutes a direct and actual economic loss to Victory arising from Booher's actions. Additionally, Victory has suffered resulting damages arising from Booher's breach of fiduciary duty.

And in response to Booher's motion for directed verdict, Victory's counsel argued that the evidence of a breach of fiduciary duty was Booher's failure to remit to the partnership the rent for the additional lots:

THE COURT: Is there any testimony with regard to breach of fiduciary duty?

MR. CASTRO: Yes, Your Honor, there is.

–5–

THE COURT: From whom?

MR. CASTRO: From Ms. Booher and from Sandra Callihan.

THE COURT: What testimony did Ms. Booher put forth?

MR. CASTRO: That she continued to collect lot rent.

THE COURT: Let me ask the question with a little bit more focus. What testimony did Ms. Booher offer that substantiates that there is a breach of fiduciary duty?

MR. CASTRO: That she did not remit the lot rent –

THE COURT: That's an action that she did or did not take.

MR. CASTRO: Yes, sir, that was her testimony.

THE COURT: Okay. I'm going to grant the directed verdict with regard to the breach of fiduciary duty.

Booher argues that the directed verdict was proper because the economic loss rule bars Victory's claim for damages for breach of fiduciary duty. The economic loss rule generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991)).

Victory raises several counterarguments. First, Victory contends that Booher waived any argument about the economic loss doctrine by failing to raise it in her motion for directed verdict. We disagree. If the record establishes any ground that entitles the movant to judgment as a matter of law, we may affirm a trial court's directed verdict regardless of the grounds asserted by the movant or upon which the trial court granted the directed verdict. *See*

*Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 191 (Tex. App.—Fort Worth 2004, pet. denied) (citing cases).[3]

Second, Victory argues that the economic loss rule does not apply because Booher's fiduciary duty existed independent of any contract. Victory cites *Johnson* for the proposition that a general partner owes a fiduciary duty to the partnership. *See Johnson*, 73 S.W.3d at 199. In *Johnson*, the court stated, "[w]e have historically held that partners also owe certain fiduciary duties to one another." *Id.* (citing *Bohatch v. Butler & Binion*, 977 S.W.2d 543, 545 (Tex. 1998)). Victory relies on cases in which courts declined to apply the economic loss rule where the fiduciary duty breached "existed independent of [the] contract." *See James J. Flanagan Shipping Corp. v. Del Monte Fresh Produce N.A., Inc.*, 403 S.W.3d 360, 366 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

We conclude that *Flanagan* and the other cases cited by Victory[4] are distinguishable. In those cases, the plaintiffs did not complain of "any failure on the part of [the defendant] to perform [a] contractual obligation." *Id.* (complaint was defendant's participation in breach of fiduciary duty by plaintiff's agent, not failure to pay under contract between plaintiff and defendant); *see also Exxon Corp.*, 2012 WL 4854726 at *5 (economic loss rule did not bar claims for fraudulent actions "not in furtherance of the existing contract, but rather to induce, on false grounds, a new contract"); *Fleming*, 395 S.W.3d at 924 (declining to apply economic loss rule where attorney failed to disclose decision to deduct certain expenses from clients' personal injury recovery). The breach of fiduciary duty alleged by Victory, however, is Booher's failure

---

[3] In addition, Booher raised this point at a summary judgment hearing prior to trial. Although Booher did not use the phrase "economic loss rule," she argued that "the damage amount that they seek in lost rents under the breach of fiduciary duty claim is the exact same damage amount that they seek under the breach of contract claim. So, as a matter of law under the *Jim Walter Homes* cases and those other cases, they don't have any evidence of damages under a tort of breach of fiduciary duty and, therefore, we're entitled to summary judgment on those claims." *See Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("when the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."). The trial court denied the motion.

[4] Victory also cites *Exxon Corp. v. Miesch*, No. 13-00-00104-CV, 2012 WL 4854726 (Tex. App.—Corpus Christi Oct. 11, 2012, pet. filed) (mem. op.), and *Fleming v. Kinney ex rel. Shelton*, 395 S.W.3d 917 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

to pay amounts allegedly required under the partnership agreement. There is no allegation or evidence regarding any conduct of Booher constituting a breach of fiduciary duty other than her alleged failure to remit payment of rent collected for the additional lots. *See Fish v. Tex. Legislative Serv.*, No. 03-10-00358-CV, 2012 WL 254613 at *14–15 (Tex. App.—Austin Jan. 27, 2012, no pet.) (mem. op.) (economic loss rule barred breach of fiduciary duty claims where "the damages alleged arise only from the nonperformance of duties governed by the partnership agreement").

Third, Victory contends that the economic loss rule does not apply to "two or three" of the lots for which Booher collected rent. Victory argues there is some evidence that the parties' agreement encompassed only seven additional lots, but there were two or three more lots for which Booher collected rent but did not remit the payments to Victory. Victory contends that these lots were not the subject of any contract. The pleadings and evidence, however, are consistent that the agreement alleged by Victory encompassed any lots in addition to the ten allotted to each partner.

Fourth, Victory contends that the economic loss rule would not apply to its claims for breach of fiduciary duty arising after January 1, 2009. Before trial, the trial court ruled that "[a]ll of [Victory's] . . . breach of contract claims on or after January 1, 2009 are barred by the statute of frauds." Citing *Anderton*, 378 S.W.3d at 63, Victory argues that the statute of frauds is not a defense to a claim for breach of fiduciary duty. Here, however, the breach of fiduciary duty Victory alleges is Booher's breach of the agreement by which the partnership, and therefore the fiduciary relationship, was created. Victory does not cite authority for the proposition that a breach of fiduciary duty claim may be asserted to recover sums allegedly due under an unenforceable partnership agreement.

Finally, Victory argues that there was no admission on its part that the only damages it sought were for Booher's failure to remit rent for the additional lots. Whether or not Victory made any such admission, however, there was no pleading or proof of any damages other than Booher's failure to remit rent for the additional lots. The trial court did not err in granting Booher's motion for directed verdict. *See Szezepanik*, 883 S.W.2d at 649. We overrule Victory's first issue.

### JURY CHARGE

In its second issue, Victory contends the trial court erred in denying Victory's requested jury instruction and question on offset because there was "ample evidence at trial" to support findings on the issue of offset. Question 3 of the charge submitted to the jury inquired whether Booher breached her agreement with Victory. Because the jury answered Question 3 "yes," the jury also answered Question 4 regarding the sum to compensate Victory for the breach. In the judgment, the trial court subtracted the jury's finding of $100 in response to Question 4 from the amount the jury awarded Booher in response to Question 2.[5] Therefore, although the jury was not specifically asked about "offset," the judgment did offset the damages findings, so that any error in failing to submit a specific question about offset was harmless. *See Rosell*, 89 S.W.3d at 653 (appellate court does not reverse judgment for jury charge error unless harm results).

In a footnote, Victory contends that "the offset issue is much broader than merely the $100 in damages caused by Booher's breach of contract," so that the offset in the judgment did not cure the harm for failure to submit Victory's requested instruction. Victory argues there was evidence that by keeping the rents for the additional lots, Booher was already compensated for almost half of the $60,000 awarded by the jury, "completely independent" of any contractual

---

[5] In response to Question 2, the jury found that the sum of $60,000 "would fairly and reasonably compensate Sharon Booher for the monthly distributions that were not paid to her."

–9–

obligation to remit the rent to Victory. This argument, however, overlooks the trial court's rulings that Victory's claims for rent from the additional lots were partially barred by the statute of limitations and the statute of frauds. Both Booher and Victory's bookkeeper testified that for the time period not barred by the trial court's rulings, the amount due Victory would be $100. This is the amount the jury found and the trial court applied in the judgment. Any error in failing to submit Victory's requested instruction and question did not "probably cause the rendition of an improper judgment." *See id.* We overrule Victory's second issue.

### ATTORNEY'S FEES

In its third issue, Victory contends it was entitled to an award of attorney's fees because it prevailed on its breach of contract claim. *See Recognition Commc'ns, Inc. v. Am. Auto. Ass'n*, 154 S.W.3d 878, 891 (Tex. App.—Dallas, 2005, pet. denied) ("When a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under section 28.001 if there is proof of the reasonableness of the fees."). Booher argues that Victory did not offer any evidence of its fees, and therefore is not entitled to recover them. We agree.

Victory contends that although it agreed to submit the issue of attorney's fees to the trial court rather than the jury,[6] it did not agree to do so by affidavit. The trial court's judgment recites that "the parties agreed that attorney's fees would be determined by the Court by affidavit." Booher's attorney submitted an affidavit and was awarded fees in the judgment. Victory's counsel did not submit an affidavit. Victory argues it had no notice that it was required

---

[6] The record reflects the following exchange at trial:

> THE COURT: Okay. I presume that neither party will have objection to submitting attorneys' fees to the Court; is that correct?
>
> MR. CLARK [counsel for Booher]: That's correct.
>
> MR. CASTRO [counsel for Victory]: That's correct.

to submit an affidavit, and the trial court rendered judgment before Victory had an opportunity to present evidence of its attorney's fees to the trial court.

After the judgment was rendered, however, Victory neither made any objection to submitting evidence by affidavit nor sought to introduce evidence of its fees. In Victory's motion for new trial, it listed only the following objections regarding its own attorney's fees:

> 27. The Court should grant a motion for new trial because the Court improperly imposed itself as the trier of facts as to attorney's fees.
>
> 28. The Court should grant a motion for new trial because the Court improperly refused to permit the jury to act as trier of facts as to attorney's fees. . . .
>
> 31. The Court should grant a motion for new trial because the Court improperly refused to grant Movant attorney's fees.

Without an objection to the judgment's recital that the parties agreed to submit the issue to the court by affidavit, and without a request to present evidence, the trial court did not abuse its discretion by failing to award attorney's fees to Victory, having no evidence on which to premise an award. *See* TEX. R. APP. P. 33.1(a)(1)(A) (as prerequisite for appeal, complaint must be made in trial court by timely request, objection, or motion to trial court that states grounds with sufficient specificity to make trial court aware of complaint); *see also City of Port Isabel v. Shiba*, 976 S.W.2d 856, 860–61 (Tex. App.—Corpus Christi 1998, pet. denied) (appellate review of improper award of attorney's fees waived when city failed to object in trial court). We overrule Victory's third issue.

## CONCLUSION

We affirm the trial court's judgment.

/David Lewis/
_____
DAVID LEWIS
JUSTICE

121057F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICTORY PARK MOBILE HOME PARK,
Appellant

No. 05-12-01057-CV      V.

SHARON BOOHER, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-12480.
Opinion delivered by Justice Lewis,
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Sharon Booher recover her costs of this appeal and the full amount of the trial court's judgment from appellant Victory Park Mobile Home Park and from the cash deposit in lieu of supersedeas bond. After all costs of this appeal and the full amount of the trial court's judgment have been paid, the Dallas County District Clerk is directed to release the balance, if any, of the cash deposit to appellant Victory Park Mobile Home Park.

Judgment entered this 26th day of February, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE

–12–