**AFFIRM; and Opinion Filed November 17, 2015.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01086-CV

### KEVIN BODE AND MARILYN BROWN, Appellants
### V.
### FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-00825-2014**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

This is an appeal in a forcible detainer action concerning a residential property located in

Collin County, Texas. On appeal appellants[1] argue that appellee Federal National Mortgage

Association (Fannie Mae) lacked the capacity to sue. We resolve appellants' issue against them

and affirm.

### BACKGROUND

The facts in this case are undisputed. Appellants bought the residence at issue in 2003.

In 2010 it was foreclosed upon and sold at a trustee sale, presumably to Fannie Mae.[2] Appellants

---

[1] Appellant Kevin Bode died after the notice of appeal was filed in this case. His counsel filed a suggestion of death. Bode's death does not affect the disposition of this appeal. *See* TEX. R. APP. P. 7.1(a) ("If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers."); *see also Kallam v. Boyd*, 232 S.W.3d 774, 775 n.4 (Tex. 2007) (per curiam) (death of plaintiff during pendency of appeal did not affect continuation of appeal).

[2] The foreclosure documents are not in the appellate record.

continued to live in the residence after the foreclosure. In January 2013, appellants and Fannie Mae entered into a one-year lease agreement. In January 2014, appellants received a letter from Fannie Mae's property manager informing appellants that "the Subject Property will no longer be available as a rental" and advising appellants that they were required to vacate and deliver possession of the property within 30 days. After appellants refused to vacate the property, Fannie Mae filed a forcible detainer action in the justice court. The justice court awarded possession to Fannie Mae. Appellants appealed to the county court at law and alleged that Fannie Mae lacked the capacity to sue. The county court at law held a nonjury trial. During that trial, appellants introduced into evidence a "Certificate of Fact" issued by the Texas Secretary of State indicating that Fannie Mae is not registered to do business in the State of Texas. At the conclusion of the trial, the county court at law awarded possession to Fannie Mae.

## ANALYSIS

On appeal appellants argue that the trial court erred in rendering judgment in favor of Fannie Mae contending that Fannie Mae lacked the capacity to sue in Texas because it is not registered to do business in Texas. To support their argument appellants rely on section 9.051(b) of the Texas Business Organizations Code, which states,

> A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, . . . on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter. . . .

TEX. BUS. ORGS. CODE ANN. § 9.051(b) (West 2012). In response, Fannie Mae argues, in part, that federal law exempts Fannie Mae from any state business registration requirements. We agree with Fannie Mae.

The United States Congress vested Fannie Mae with the authority "to sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal," and "to conduct its business without regard to any qualification or similar statute of any State of the

–2–

United States." 12 U.S.C. § 1723a(a). As a result, we conclude that Fannie Mae did not lack the capacity to initiate a forcible detainer proceeding against appellants.

## CONCLUSION

We resolve appellants' sole issue against them and affirm.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

141086F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEVIN BODE AND MARILYN BROWN,
Appellant

No. 05-14-01086-CV         V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-00825-2014.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Federal National Mortgage Association recover its costs of this appeal from appellant Kevin Bode and Marilyn Brown.

Judgment entered this 17th day of November, 2015.