

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00186-CV

MASON MCCOLLUM, INDIVIDUALLY AND ON BEHALF OF THE HEIRS AND ESTATE OF MICHELLE MCCOLLUM, DECEASED, APPELLANT

V.

JAMES R. PARKER, M.D. AND JAMES R. PARKER, P.A., D/B/A PARKER SPORTS MEDICINE AND ORTHOPEDICS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 10,5340-D, Honorable Don R. Emerson, Presiding

March 6, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Mason McCollum, individually and on behalf of the heirs and estate of Michelle McCollum, deceased, (McCollum) challenges a final summary judgment rendered in favor of appellees James R. Parker, M.D and James R. Parker, P.A., d/b/a Parker Sports Medicine and Orthopedics (hereinafter collectively Parker) on their statute-of-limitations defense. It is undisputed that the suit was filed on March 18, 2016 and involved a health-care liability claim which arose from the death of Michelle McCollum in 2011. McCollum

was fifteen years old at the time, having been born in January of 1996. Furthermore, relief was sought pursuant to the Texas wrongful death and survival statutes, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 *et seq.* (West 2008). Parker moved for summary judgment, alleging that the applicable statute of limitations expired before the proceeding was commenced. Through his own motion for summary judgment, McCollum argued that limitations was tolled and did not begin to run until he turned eighteen. The trial court agreed with Parker, granted his motion, denied that of McCollum, and entered judgment denying McCollum recovery against Parker. McCollum now argues that the trial court erred because the statute of limitations, as applied to him, offended the open courts provision of the Texas Constitution and denied him due process and equal protection. We affirm.

*Due Process / Equal Protection*

McCollum urged, via his own motion for summary judgment and response to Parker's, that either the limitation period was tolled and, if not, that the open court's provision of the Texas Constitution was transgressed. Nothing was said about the limitations period transgressing some other independent provision of either the Texas or United States Constitutions, such as the Due Process or Equal Protection Clauses.[1]

Per Texas Rule of Civil Procedure 166a(c), "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c); *Morgan v. D&S Mobile Home Ctr., Inc.*, No. 07-09-00315-CV, 2010 Tex. App. LEXIS 7498, at *6 n.3 (Tex. App.—

---

[1] McCollum suggested otherwise in his brief and cited us to the pages of the appellate record at which the topics supposedly were broached. We carefully reviewed those cites, as well as his other pleadings, motions and responses, and found his suggestion inaccurate.

Amarillo Sept. 10, 2010, no pet.) (mem. op.) (holding that because no one alleged through their summary judgment motion or responses thereto "that the parole evidence rendered unenforceable the claim of failed consideration" we could not "address that issue on appeal"). Because McCollum failed below to interject into the mix either the Due Process or Equal Protection Clauses, he cannot do so now to secure reversal.

*Tolling / Open Courts*

Because McCollum asserted a health-care liability claim, the pertinent statute of limitations is that found at § 74.251 of the Texas Civil Practice and Remedies Code. It provides that:

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed*; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability*.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2017) (emphasis added). That the claimant may assert a wrongful death and survival action does not affect its application; § 74.251(a) governs them as well. *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 490 (Tex. App.—Dallas 2016, pet. denied).

Furthermore, and to the extent that the clause contains a tolling provision, it relates to minors under the age of twelve and permits them to delay suit until they are fourteen. McCollum was thirteen when his mother underwent surgery and fifteen when she died. Assuming *arguendo* that his injuries and those of his mother and her heirs did not accrue until her death in 2011, his 2016 suit on his and their behalf was not filed within two years from either 1) the occurrence of the breach or tort, 2) the date the medical or health care

3

treatment was provided to her, or 3) the hospitalization for which the claim was made was completed.[2] Thus, it was tardy. To avoid this outcome, McCollum argues that a clause of the Texas Constitution intercedes on his behalf.

The clause is known as the open courts provision and states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13 (West 2007). It provides a means of assuring that "the right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress." *Sax v. Votteler,* 648 S.W.2d 661, 665-66 (Tex. 1983). Yet, as evinced by the quote from *Sax,* the Supreme Court limited the clause to common law choses-in-action. Because both survival and wrongful death claims are statutory remedies, as opposed to common law ones, they fall outside the scope of the open courts clause. *Diaz v. Westphal*, 941 S.W.2d 96, 100-01 (Tex. 1997); *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d at 493-94 (holding that the open courts provision applies to neither survival nor wrongful death claims because they are creatures of statute); *accord Kallam v. Boyd*, 232 S.W.3d 774, 776 (Tex. 2007) (per curiam) (noting that the court has generally held that wrongful death and survival claimants cannot establish an open courts violation). While the Texas Supreme Court may or may not revisit its rule, *see Kallam v. Boyd,* 232 S.W.3d at 776 (stating that whether there should be exceptions to the rule must await a

---

[2] Parker actually alleged in his motion for summary judgment that the two-year limitations period began to run on the date that Michelle McCollum underwent surgery to have "hardware" removed from her knee. That date was November 16, 2009. But for purposes of argument, we use the later date of her death to mark when the causes of action actually accrued.

case in which the issue has been fully litigated), it has not done so yet. Thus, we must abide by its precedent until changed by it or the legislature.

We overrule appellant's issues and affirm the final summary judgment.


Brian Quinn
Chief Justice