Luna Marie MORRIS

v.

**ALLSTATE INSURANCE COMPANY.**

No. 8283.

Court of Civil Appeals of Texas, Texarkana.

April 29, 1975.

Stacia M. Reed, Kirkpatrick, Grant, Dennis & Reed, Marshall, Richard Grainger, Tyler, for appellant.

Charles H. Clark, Tyler, for appellee.

CORNELIUS, Justice.

This was a declaratory judgment action by appellee Allstate Insurance Company against its insured, James David Copeland, wherein appellee sought a declaration that it was not obligated to defend Copeland in a pending personal injury suit filed against him by Luna Marie Morris. Appellee alleged that it was not obligated to defend Copeland in that suit because the automobile he was driving when the collision occurred was not covered by its insurance policy, and because Copeland

failed to comply with the notice provisions of the policy. Luna Marie Morris, the injured plaintiff in the pending damage suit, was allowed to intervene in this declaratory judgment action. In a trial to the court judgment was entered that appellee had no duty to defend Copeland in the damage suit because the automobile was not covered by the policy, and that appellee was not obligated to pay any judgment which Luna Marie Morris *might recover* against Copeland. Copeland did not appeal from that judgment but intervenor Luna Marie Morris has appealed. She contends that the trial court erred (1) in holding that there was no coverage of Copeland's automobile (2) in holding that appellee had no duty to defend Copeland in her suit against him, and (3) in holding that appellee will not be liable to pay any judgment she might recover against Copeland. Appellee contends that the trial court's rulings were correct, and that even if they were not correct, the appellant-intervenor has no standing to complain of the judgment.

In order to properly understand this suit, certain background facts must be noticed. The personal injury suit by appellant-intervenor Luna Marie Morris against Copeland has not yet proceeded to trial or judgment. The original petition there was filed on February 24, 1971, nearly two years after the collision. When Copeland forwarded the citation which had been served upon him to the appellee, appellee forwarded him a "reservation of rights letter" advising that it disclaimed liability under the policy and that by investigating or defending the suit in his behalf it would not waive its rights to set up any and all defenses of noncoverage under the policy and specifically the defense of late notice. Copeland did not protest the reservation of rights letter or take any action with respect to it. Five days after the reservation of rights letter was mailed to Copeland, appellee filed a general denial for Copeland in appellant-intervenor's suit against him. No other action, either by way of investiga-

tion, pre-trial work or discovery was shown to have been taken in connection with that suit. Appellee filed this declaratory judgment action against Copeland on May 7, 1971, some two months after answering for him in appellant-intervenor's damage suit. Another two years of inaction elapsed between the filing of the declaratory judgment suit and the hearing thereof which resulted in the judgment now on appeal.

The insurance policy involved here contains the following provisions:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages . . . ."

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person . . . who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person . . . shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability . . . ."

■ Appellant-intervenor contends that even if noncoverage and late notice are valid defenses, the appellee is estopped from claiming them by the rule that even though a standard non-waiver agreement has been executed, the actions of the insurance company through its attorney, in actively working against the insured to develop grounds upon which it can deny liability, while at the same time purporting to represent the insured in the damage suit brought by the injured party, estop it as a matter of law from denying liability. See Employers Casualty Company v. Tilley, 496 S.W.2d 552 (Tex.1973).

■■ In seeking to bring herself within the rule of *Tilley*, appellant-intervenor is faced with two critical questions: (1) whether the conduct of appellee through its attorney was of such character as to raise an estoppel even though there was a "reservation of rights letter", and (2) whether appellant-intervenor, *who is not the insured but the injured party,* may claim the benefit of an estoppel arising from the acts of the insurance company toward the insured who has not complained. See Utilities Ins. Co. v. Montgomery, 134 Tex. 640, 138 S.W. 2d 1062 (1940, opinion adopted). It is not necessary for us to answer these questions for three reasons: First, the covenant to defend does not inure to appellant-intervenor's benefit. She has no standing to complain of the failure of appellee to defend Copeland in the suit she brought against him. Graves v. Southern Underwriters, 130 S.W.2d 360 (Tex.Civ.App. Austin 1939, writ dism'd judgm. cor.); Westchester Fire Insurance Company v. Rhoades, 405 S.W.2d 812 (Tex.Civ.App. Austin 1966, writ ref'd, n. r. e.). Second, according to the specific policy provisions, appellant-intervenor has no right of action against the insurance company on the questions of coverage and ultimate liability for payment of her damages until she has established her claim against Copeland by judgment or by written agreement. Bluth v. Neeson, 127 Tex. 462, 94 S.W.2d 407 (1936); American Indemnity Co. v. Martin, 126 Tex. 73, 84 S.W.2d 697 (Tex. Comm'n App.1935, opinion adopted); Moxon v. Ray, 125 Tex. 24, 81 S.W.2d 488 (1935 opin. adpt); Seaton v. Pickens, 126 Tex. 271, 87 S.W.2d 709 (1935, opin. adpt); Kuntz v. Spence, 67 S.W.2d 254 (Tex. Comm'n App.1934, holding approved). Third, a judgment to the effect that appellee will be required to pay any judgment appellant-intervenor *might in the future recover* against Copeland would be an advisory declaration based upon future speculation and would not have been proper for the trial court to render even under the provisions of the Declaratory Judgment Act. Firemen's Ins. Company of Newark, New Jersey v. Burch, 442 S.W.2d 331 (Tex.1968). Indeed, that portion of the trial court's judgment declaring that appellee *was not required* to pay any such judgment falls into the same category. As that portion of the judgment was beyond the jurisdiction of the court, the judgment will be reformed to delete it.

The judgment of the trial court is therefore reformed to delete that portion which declares that appellee is not required to pay any judgment recovered by appellant-intervenor against Copeland. That portion of the judgment which declares that appellee is not required to defend Copeland in appellant-intervenor's pending damage suit against Copeland is affirmed.

The judgment of the trial court as reformed, is affirmed.