**IKB INDUSTRIES (NIGERIA) LTD., Appellant,**

v.

**PRO–LINE CORPORATION, Appellee.**

No. 05–94–00679–CV.

Court of Appeals of Texas, Dallas.

April 12, 1995.

Rehearing Overruled May 30, 1995.

---

Patrick Wright; Robert H. Westerburg, McCorkle & Westerburg, P.C., Dallas, and Elizabeth J. Redchuk, Flower Mound, for appellant.

Robert R. Gibbons, Caolo & Bell, L.L.P. and Craig C. Gant, Dallas, for appellee.

Before KINKEADE, MORRIS, and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

In this appeal, we must decide whether filing a request for findings of fact and conclusions of law following the imposition of death penalty sanctions extends the time for filing an appeal under rule 41(a)(1) of the rules of appellate procedure. We conclude that it does not. Because appellant failed to perfect his appeal within thirty days of the trial court's order dismissing the case, we dismiss this appeal for want of jurisdiction.

## PROCEDURAL BACKGROUND

Appellant IKB Industries (Nigeria) Limited ("IKB") sued appellee Pro–Line Corporation ("Pro–Line") for breach of contract, breach of warranty, fraud, constructive fraud, and tortious interference with business relations. Pro–Line filed a general denial. During the two and one-half years that followed, the parties filed over sixteen hundred pages of discovery-related documents.

On February 18, 1994, Pro–Line filed its second motion for sanctions, citing IKB's continued abuse of the discovery process. Following a hearing on Pro–Line's motion, the trial judge struck IKB's pleadings and dismissed its claims with prejudice. In an eight-page order dated March 2, 1994, the trial judge made extensive written findings that supported his decision to impose death penalty sanctions. On March 10, 1994, IKB filed a request for findings of fact and conclusions of law pursuant to rule 296 of the Texas Rules of Civil Procedure.[1] On April 20, 1994, forty-nine days after the trial judge signed the sanctions order, IKB filed its cash deposit in lieu of cost bond with the clerk of the district court.

## APPELLATE TIMETABLE

On appeal, IKB contends the trial judge erred in striking its pleadings and dismissing its case with prejudice because (1) the trial judge was required to first impose lesser sanctions for discovery abuse, (2) the evidence was legally and factually insufficient to support the trial judge's findings, and (3) the trial judge's actions denied IKB its constitutional right to due process. Because we conclude we do not have jurisdiction over this appeal, we do not address IKB's points of error. We dismiss the appeal.

Rule 41(a)(1) of the rules of appellate procedure governs the time and manner for perfecting a civil appeal. The rule states:

When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, *or, within ninety days after the judgment is signed if* a timely motion for new trial has been filed by any party or if *any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury.* If a deposit of cash is made in lieu of bond, the same shall be made within the same period.

Tex.R.App.P. 41(a)(1) (emphasis added). Thus, under the rule, a party may extend the appellate timetable by requesting findings of fact and conclusions of law in a case tried without a jury. Tex.R.App.P. 41(a)(1). A hearing on a motion for sanctions, however, is not a case "tried without a jury." *See, e.g., Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994) ("tried without a jury" does not include summary judgment proceedings for purposes of rule 41(a)(1)). Thus, a request for findings of fact and conclusions of law

---

1. Rule 296 of the rules of civil procedure states, in pertinent part, that "[i]n any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." Tex. R.Civ.P. 296.

law following death penalty sanctions does not extend the appellate timetable under rule 41(a)(1).

IKB filed its cash deposit in lieu of cost bond forty-nine days after the trial judge signed the sanctions order. Because IKB's request for findings of fact and conclusions of law did not extend the appellate timetable, we conclude IKB's cash deposit was untimely under rule 41(a)(1). Thus, it failed to confer jurisdiction on this Court.

In reaching this conclusion, we recognize the Texas Supreme Court has encouraged trial courts to make written findings in death penalty sanctions cases. *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 850, 851 (Tex. 1992); *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 n. 9 (Tex.1991). However, the supreme court has also held that these findings "should not be treated like findings of fact made pursuant to [r]ule 296." *Chrysler,* 841 S.W.2d at 852. Likewise, we hold they are not to be treated as "findings of fact and conclusions of law" for purposes of rule 41(a)(1) of the rules of appellate procedure. *See Chrysler,* 841 S.W.2d at 852.

Because IKB's request for findings of fact and conclusions of law did not extend the appellate timetable, IKB did not timely perfect its appeal to this Court. We dismiss this appeal for lack of jurisdiction.