Ofelia HERNANDEZ, Appellant,

v.

**TEXAS DEPARTMENT OF INSURANCE and Commissioner of Insurance, Appellees.**

No. 03–95–00503–CV.

Court of Appeals of Texas, Austin.

May 22, 1996.

Juan Angel Guerra, Raymondville, for appellant.

Dan Morales, Attorney General, Norma M. Lopez Garcia, Assistant Attorney General, Financial Litigation Division, Austin, for appellees.

Before POWERS, JONES and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

This appeal requires us to decide whether a state agency must promptly notify a party when the party's motion for rehearing is overruled by operation of law. We conclude that there is no such obligation. Accordingly, Hernandez's petition for judicial review was untimely and we will affirm the trial court's order of dismissal for want of jurisdiction.

## BACKGROUND

Hernandez, an insurance agent, has held a local recording agent's license for twelve years. In April 1994, the Department of Insurance began hearings in response to customer complaints about Hernandez, and the Commissioner of Insurance revoked her license on November 29, 1994. The order was sent to Hernandez on November 30 and she timely filed a motion for rehearing on December 20, 1994. Forty-five days after Hernandez received notice of the revocation order, the Commissioner had not acted on the motion for rehearing. Pursuant to the Administrative Procedure Act (the "APA") the motion was overruled by operation of law at that time. *See* Tex.Gov't Code Ann. § 2001.144 (West 1996). Thus, the Commissioner's order became final and appealable on January 16, 1995, the day the motion for rehearing was overruled by operation of law. *See id.* § 2001.171.

Hernandez had thirty days from January 16 to file a petition to initiate judicial review. *See id.* § 2001.176(a). Although her petition was due on February 15, she did not file it until March 3, the day that she received a letter from the Commissioner of Insurance notifying her that her motion had been overruled by operation of law. Because of this late filing, the trial court determined that her petition for judicial review of the Commissioner's decision was untimely and dismissed it for want of jurisdiction.

## DISCUSSION

On appeal, Hernandez asserts that her delay in filing her petition for judicial review was caused by the Insurance Department's delay in advising her that her motion for rehearing had been overruled by operation of law. According to Hernandez, the agency had a duty to notify her that forty-five days had passed since she received notice of the revocation order; she further contends that until the agency did provide notice of the forty-five day lapse, she was not required to

comply with the appellate deadlines for seeking judicial review.

■ Before reaching the merits of the timeliness of Hernandez's petition for judicial review in the trial court, we must decide whether she conferred jurisdiction on this Court by timely filing the cost bond to perfect her appeal. Texas Rule of Appellate Procedure 41(a)(1) requires that a cost bond be filed within thirty days of the trial court's final judgment or within ninety days "if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury."

■ The trial court issued its final order of dismissal on May 2, 1995. Hernandez perfected her appeal on July 5th, beyond the thirty-day limit, but within ninety days of the order. She also timely requested findings of fact and conclusions of law. If that request was proper in this proceeding, it served to extend the time for perfecting the appeal and this appeal was timely. *See* Tex.R.Civ.P. 296.

In *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994), the supreme court held that because findings of fact and conclusions of law have no place in a summary judgment proceeding, a request for them did not serve to extend the appellate timetable under Texas Rule of Appellate Procedure 41(a)(1). Appellees contend that Hernandez's request for findings of fact was improper, noting that judicial review of an administrative ruling is subject to the substantial evidence rule, and findings of fact are generally not proper in a substantial evidence appeal. *See* Tex.Ins. Code Ann. art. 1.04 (West Supp.1996). If improper, such a request did not extend the thirty-day filing deadline and we do not have jurisdiction to hear this appeal.

In this case, the trial court conducted an evidentiary hearing on the plea to the jurisdiction and the order of dismissal refers to evidence presented on that issue. The evidentiary hearing distinguishes this case from our recent decision holding a request for findings of fact and conclusions of law ineffective to extend the appellate timetable in a dismissal for want of jurisdiction on the pleadings where there was no evidentiary hearing. *See Lusk v. Service Lloyds Insurance Company & Texas Workers' Compensation Comm'n*, 922 S.W.2d 647, 648 (Tex. App.—Austin 1996, no writ h.); *see also Waco Indep. School Dist. Taxpayers Ass'n v. Waco Indep. School Dist.*, 912 S.W.2d 392, 394 (Tex.App.—Waco 1995, no writ); *O'Donnell v. McDaniel*, 914 S.W.2d 209, 210 (Tex. App.—Fort Worth 1995, writ requested). Because there was an evidentiary hearing on the jurisdictional plea and the cause was dismissed based upon evidence presented and facts determined at the hearing, the holding in *Linwood* is not applicable to this appeal.[1] Hernandez's request for findings of fact and conclusions of law were appropriate and did serve to extend the appellate timetable under Texas Rule of Appellate Procedure 41(a)(1). We hold that Hernandez's cost

1. To the extent it applies to dismissals for lack of jurisdiction, we decline to follow the rationale of the Fort Worth Court of Appeals that Rule 41(a)(1) contemplates an evidentiary hearing on the merits of the underlying action before a request for findings of fact will extend the appellate timetable. *Phillips v. Beavers*, 906 S.W.2d 254, 256 (Tex.App.—Fort Worth 1995, writ requested) (dismissal for want of prosecution is not "case tried without a jury" as contemplated by Rule 41(a)(1) and therefore request for findings of fact and conclusions of law did not extend appellate timetable). We are more persuaded by the reasoning expressed in dicta in *Chavez v. Housing Authority of El Paso*, 897 S.W.2d 523, 525 (Tex. App.—El Paso 1995, writ denied), that a request for findings of fact and conclusions of law extends the appellate timetable in any case disposed of by an evidentiary hearing. In *Davis v. State*, 904 S.W.2d 946 (Tex.App.—Austin 1995, no writ), we held that a request for findings of fact and conclusions of law will serve to extend the appellate timetable unless findings of fact are unqualifiedly inappropriate in such a proceeding. *Id.* at 951. Like the other intermediate appellate courts, we await further guidance from the supreme court in the application of *Linwood* to proceedings other than summary judgments. *See IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 901 S.W.2d 568, 569 (Tex.App.—Dallas 1995, writ requested) (hearing on motion for sanctions is not case tried without jury for purposes of Rule 41(a)(1)); *West Columbia Nat'l Bank v. Griffith*, 902 S.W.2d 201, 205 (Tex.App.—Houston 1995, writ denied) (hearing on petition for bill of review is a case tried without jury under Rule 41(a)(1)); *Chavez*, 897 S.W.2d at 525 (dictum stating that case is tried under Rule 41(a)(1) when there is evidentiary hearing on conflicting evidence).

bond, filed within ninety days of the order of dismissal, timely invoked this court's jurisdiction.

■ We now turn to the merits of Hernandez's argument. Hernandez contends that the following APA provision required the Commissioner to provide notice that the motion for rehearing had been overruled by operation of law:

> On issuance in a contested case of a decision that may become final under 2001.144 or an order ruling on a motion for rehearing, a state agency shall send a copy of the decision or order by first class mail to the attorneys of record....

Tex.Gov't Code Ann. § 2001.142(b) (West 1996). In further support of her position Hernandez cites the supreme court's observation that a party's ability to seek judicial review of agency orders should not be compromised by the agency's failure to give notice of its orders. *See Commercial Life Ins. v. Board of Insurance,* 774 S.W.2d 650, 652 (Tex.1989).

*Commercial Life* concerned the Insurance Board's failure to notify a party of its final order in a contested case. Commercial Life did not learn of the order until seventeen days after its rendition, which was beyond the deadline for filing a motion for rehearing. When Commercial Life sought judicial review of the Board's decision, an intervening party asserted that Commercial Life waived its right to appeal because of the untimely motion for rehearing. *See* Tex.Gov't Code Ann. § 2001.146(a) (West 1996) (formerly Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(e), since repealed and codified). The supreme court disagreed, holding that the agency's failure to provide notice, which caused the delay in filing the motion for rehearing, could not defeat Commercial Life's right to appeal. *Id.* at 652.

Because *Commercial Life* dealt with notice of a final order, its holding does not directly control the outcome of this case. We find *Commercial Life's* elaboration on the purpose behind the APA notice requirement[2] instructive, however:

> [T]he duty of the agency to provide notice serves the critical function of informing the aggrieved party of the date on which the time period for filing the motion for rehearing begins to run. For this reason, we interpret the notice provision ... to ensure that a party's ability to seek judicial review of agency orders and decisions will not be compromised solely because of the agency's failure to give notice of the order.

*Id.* at 652. We conclude that the Commissioner's failure to provide notice that Hernandez's motion was overruled by operation of law did not violate this purpose. The Commissioner complied with the APA notice provision when it sent notice of its revocation order to Hernandez on November 30, 1994. *See* Tex.Gov't Code Ann. § 2001.142(b) (West 1996). From the plain language of APA section 2001.146(c) Hernandez knew or was charged with knowledge that if the agency did not act on her motion by January 16, 1995, forty-five days after the notice of November 30,[3] it would be overruled by operation of law. *See id.* § 2001.146(c). When she had not received notice of agency action within that forty-five days, Hernandez should have concluded that the motion was overruled pursuant to the express terms of this statute. *See id.* The agency was in no better position than Hernandez to recognize that forty-five days had passed since it had given her notice of the revocation order. Thus, Hernandez's own failure to note the passage of forty-five days, not the agency's failure to provide notice, compromised Hernandez's ability to seek judicial review.

■ Having determined that the agency's failure to provide notice does not implicate

---

**2.** At the time of *Commercial Life* the notice requirement was found at Texas Revised Civil Statutes Annotated article 6252–13a, § 16(b). This provision has since been repealed and codified at Texas Government Code section 2001.142(b) (West 1996). Because the substance and the underlying purpose of this notice requirement did not change with its codification, we look to

*Commercial Life* for guidance. For convenience we will refer to the current code.

**3.** The forty-fifth day after the notice of revocation fell on January 14, 1995, a Saturday. The forty-five day period is therefore considered to have lapsed on Monday, January 16, 1996. *See* Tex. R.Civ.P. 4.

the purpose of the APA notice requirement, we next consider whether this failure violates the express terms of the notice requirement. We hold that it does not. The statute requires an agency to provide notice of "*an order* ruling on a motion for rehearing...." *Id.* § 2001.142(b). No order was rendered on the motion for rehearing because the terms of the statute, not the action of the agency, operated to overrule the motion. *See id.* § 2001.146(c).

## CONCLUSION

The agency's failure to provide notice to Hernandez violates neither the terms nor the purpose of the APA notice requirement. We therefore hold that the Commissioner was not required to notify Hernandez that her motion for rehearing was overruled by operation of law. It follows that the Commissioner's failure to notify Hernandez does not excuse her failure to comply with statutory deadlines for seeking judicial review of the Commissioner's revocation order. Because she filed her petition for judicial review beyond the statutory deadline for doing so, the trial court properly dismissed her petition for want of jurisdiction. *See* Tex.Gov't Code Ann. § 2001.176 (West 1996). Accordingly, we overrule Hernandez's points of error and affirm the trial court's order of dismissal.