**Dismissed and Memorandum Opinion filed September 19, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00508-CV

### MATTHEW AND KELLY CUBBAGE, Appellants

### V.

### HARRIS COUNTY APPRAISAL DISTRICT, Appellee

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-53986**

## M E M O R A N D U M   O P I N I O N

On June 7, 2013, appellants filed a notice of appeal from an order granting appellee's motion for summary judgment signed March 18, 2013. The clerk's record in this appeal was filed August 9, 2013. The clerk's record does not contain a motion for new trial, or other post-judgment motion, to extend the time to file a notice of appeal. *See* Tex. R. App. P. 26.1(a). Appellants' request for findings of fact and conclusions of law filed April 2, 2013, is included in the record. *See id.* (stating that a request for findings and conclusions extends the time to file a notice of appeal until ninety days after the judgment is signed if findings and conclusions

either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court[.]"). It is well settled that findings of fact and conclusions of law have no place in a summary judgment proceeding; therefore, a request for findings does not extend the appellate timetable. *See Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994).

A request for findings of fact and conclusions of law does not extend the appellate deadline when findings and conclusions have no purpose and should not be requested, made, or considered on appeal. *IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). The Texas Supreme Court has cited examples of types of judgments for which findings are inappropriate, including summary judgment, judgment after directed verdict, judgment *non obstante veredicto*, default judgment awarding liquidated damages, dismissal for want of prosecution without an evidentiary hearing, dismissal for want of jurisdiction without an evidentiary hearing, dismissal based on pleadings or special exceptions and any judgment rendered without an evidentiary hearing. *See id.*

In the absence of a post-judgment filing to extend the appellate timetable, appellants' notice of appeal was due April 17, 2013, thirty days after the final order was signed. *See* Tex. R. App. P. 26.1. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (1997) (construing the predecessor to Rule 26). The notice of appeal in this case was filed June 7, 2013, well beyond the fifteen-day period for an extension of time.

Because it appeared from the record that appellants' notice of appeal is untimely, this court notified appellants that we would consider dismissing this

appeal for want of jurisdiction unless appellants filed a response within ten days demonstrating this court's jurisdiction over the appeal. *See* Tex. R. App. P. 42.3(a).

Appellants filed a response to this court's notice, arguing that because appellee's motion for summary judgment included a jurisdictional argument, the motion was in effect a plea to the jurisdiction. Appellants state that findings of fact are proper when a court rules on a jurisdictional challenge after receiving evidence, citing *Hernandez v. Tex. Dep't of Ins.,* 923 S.W.2d 192, 194 (Tex. App.—Austin 1996, no writ).

The motion for summary judgment in this case raised a single issue, asserting that appellants were not entitled to bring an appeal *de novo* from an Appraisal Review Board determination of their property's appraised value because the ARB had agreed with appellants' sworn value and granted their requested relief. Appellee raised judicial estoppel as a bar to appellants' attempt to take a position in district court that is inconsistent with their sworn representation before the ARB. *See Swilley* v. *McCain,* 374 S.W.2d 871, 875-76 (Tex. 1964) (setting out the elements of judicial estoppel). Appellee also argued that appellants were required to request any different relief at the administrative level, and their failure to do so amounts to a failure to exhaust administrative remedies, depriving them of the right to appeal to district court. Appellants point to this argument to support the claim that the summary judgment order is actually an order granting a plea to the jurisdiction for which findings of fact and conclusions of law would be appropriate.

Even if we accept appellants' assertion that appellee's argument constitutes a plea to the jurisdiction, findings of fact are not appropriate in this case. Whether a court has subject matter jurisdiction is a question of law. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject

3

matter jurisdiction is also a question of law reviewed *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

To the extent that the trial court may have granted a plea to the jurisdiction in this case, it was granted as a matter of law without an evidentiary hearing. Therefore, findings of fact and conclusions of law are not required and cannot properly be considered, and the deadline for filing the notice of appeal is not extended. *See Ford ex rel. Williams v. City of Lubbock*, 76 S.W.3d 795, 796 (Tex. App.—Dallas 2002, no pet.).

In response to this court's notice that no reporter's record had been filed, appellants advised this court that the trial court's order was the result of a motion for summary judgment. Appellants stated, "As Motions for Summary Judgment are argued on and gra[n]ted or denied based upon the merits of the motion and response, a record of any such hearing was not necessary." The official court reporter also notified this court there is no reporter's record from a hearing in this case. The order recited that "[o]n this day came on to be considered Defendant's Motion for Summary Judgment, and the Court, having considered same and any responses thereto, finds that said Motion should be in all things granted." Because there was no evidentiary hearing, findings of fact are not appropriate in this case and do not operate to extend time to file the notice of appeal.

Appellants' notice of appeal is untimely, and we lack jurisdiction over this appeal. Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Brown, Christopher, and Donovan.