ACCEPTED
05-17-01447-cv
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/27/2018 1:56 AM
LISA MATZ
CLERK

**No. 05-17-01447-CV**

_____

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

3/27/2018 1:56:00 AM

LISA MATZ
Clerk

**IN THE
COURT OF APPEALS
FOR THE
FIFTH SUPREME JUDICIAL DISTRICT
OF
TEXAS
AT DALLAS, TEXAS**

_____

**PRIMESTAR CONSTRUCTION, INC.,**
Appellant,

**vs.**

**CITY OF DALLAS, TEXAS,**
Appellee.

_____

**Appeal from the 192nd Judicial District Court
of Dallas County, Texas**

_____

**BRIEF OF APPELLANT**

_____

**WILLIE & ASSOCIATES, P.C.**

**Joseph R. Willie, II, D.D.S., J.D.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
(713) 659-7330
(713) 599-1659
SBOT# 21633500
attyjrwii@wisamlawyers.com**

**ATTORNEY FOR APPELLANT
PRIMESTAR CONSTRUCTION,
INC.**

**ORAL ARGUMENT REQUESTED**

_____

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

PARTIES                                        COUNSEL

Appellant:
Primestar Construction, Inc.                   Lori Chambers Gray, Esquire
                                               Lori Gray & Associates
                                               11500 Northwest Freeway, Suite 340
                                               Houston, Texas 77027
                                               Trial Counsel for Appellant

                                               Willie & Associates, P.C.
                                               Joseph R. Willie, II, D.D.S., J.D.
                                               4151 Southwest Freeway, Suite 490
                                               Houston, Texas 77027
                                               Appellate Counsel for Appellant

Appellee:
City of Dallas, Texas                          Office of the City Attorney
                                               Charles Estee, Esquire
                                               7BN Dallas City Hall
                                               1500 Marilla Street
                                               Dallas, Texas 75201
                                               Trial Counsel for Appellee

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   viii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   viii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

I.      The trial court erred in granting the Plea to the Jurisdiction because
        the sovereign immunity of the City of Dallas has been waived by
        statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

II.     The trial court erred in granting the Plea to the Jurisdiction because
        the doctrines of *res judicata* and collateral estoppel are not applicable . . . . . . . . . .   6

III.    The trial court erred in granting the Plea to the Jurisdiction because the
        Appellant had standing to pursue her cause of action for breach of
        contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

IV.     The trial court erred in granting the Plea to the Jurisdiction because a
        Certificate of Merit is not applicable to this litigation . . . . . . . . . . . . . . . . . . . . . . . 10

V.      The trial court erred by not entering properly requested Findings of
        Fact and Conclusions of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CETIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF CONTENTS (cont'd)

APPENDIX

Appendix 1 - Order on City of Dallas' Plea to the Jurisdiction; Plea of *Res Judicata* and Collateral Estoppel; and Motion to Dismiss for Failure to File a Certificate of Merit signed by the trial court on October 31, 2017.

Appendix 2 - Order Denying Plaintiff's Motion to Modify Judgment, Request for Findings of Fact and Conclusions of Law, and Motion for New Trial signed by the trial court on December 15, 2017.

# INDEX OF AUTHORITIES

Page(s)

**CASES:**

*Amstadt v. U.S. Brass Corp.,*
919 S.W.2d 644 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Andrade v. Venable,*
372 S.W.3d 134 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Barr v. Resolution Trust Corp.,*
837 S.W.2d 627 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bland v. Blue,*
34 S.W.3d 547 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Citizens Ins. v. Daccach,*
217 S.W.3d 430 (Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Clear Creek I.S.D. v. Cotton Commercial USA, Inc.,*
529 S.W.3d 569 (Tex. App.--Houston
[14th Dist.] 2017, pet. filed) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Eagle Props., Ltd. v. Scharbauer,*
807 S.W.2d 796 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*Everett v. TK-Taito, L.L.C.,*
178 S.W.3d 844 (Tex. App.--Fort Worth
2005, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hallco Tex., Inc. v. McMullen Cty.,*
221 S.W.3d 50 (Tex. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Heckman v. Williamson County,*
369 S.W.3d 137 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hernandez v. Texas Department of Insurance,*
923 S.W.2d 192 (Tex. App.--Austin
1996, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

*Higginbotham v. General Life & Accident Insurance,*
796 S.W.2d 695 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

# INDEX OF AUTHORITIES (cont'd)

Page(s)

*Igal v. Brightstar Info. Tech. Group,*
250 S.W.3d 78 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

*In re City of Lancaster,*
228 S.W.3d 437 (Tex. App.--Dallas
2007, orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Methodist Dallas Medical Center,*
No. 05-13-00134-CV, 2013 WL 3423112
(Tex. App.--Dallas Jun. 3, 2013, orig. proceeding) . . . . . . . . . . . . . . . . . . . . 10

*Jaster v. Comet II Construction, Inc.,*
438 S.W.3d 556 (Tex. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

*Macina, Et Al. v. Yanez,*
No. 05-17-00180-CV, 2017 WL 4837691
(Tex. App.--Dallas Oct. 26, 2017, pet. filed) . . . . . . . . . . . . . . . . . . . . . . . 4, 11

*Morris v. Allstate Insurance Co.,*
523 S.W.2d 299 (Tex. Civ. App.--Texarkana
1975, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

*Mussgrave v. Owen,*
67 S.W.3d 513 (Tex. App.--Texarkana
2002, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Nexstar Broadcasting, Inc. v. Fidelity Communications Co.,*
376 S.W.3d 377 (Tex. App.--Dallas
2012, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Patterson v. Planned Parenthood,*
971 S.W.2d 439 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Samuel v. Federal Home Loan Mortgage Corp.,*
434 S.W.3d 230 (Tex. App.--Houston
[1st Dist.] 2014, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*State & County Mutual Fire Ins. v. Miller,*
52 S.W.3d 693 (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sysco Food Services v. Trapnell,*
890 S.W.2d 796 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

# INDEX OF AUTHORITIES (cont'd)

Page(s)

*Texas Assn. of Business v. Texas Air Control Board,*
852 S.W.2d 440 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Vernco Construction, Inc. v. Nelson,*
460 S.W.3d 145 (Tex. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*West Orange-Cove I.S.D. v. Alanis,*
107 S.W.3d 558 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*West Texas Municipal Power Agency v. Republic Power Partners, L.P.,*
428 S.W.2d 299 (Tex. App.--Amarillo
2014, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Zachry Construction Corp. v. Port of Houston Authority,*
449 S.W.3d 98 (Tex. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

## RULES AND STATUTES:

TEX. R. APP. P. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TEX. CIV. PRAC. & REM. CODE § 150.002(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEX. LOC. GOV'T CODE § 271.152 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 9

## STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case:* | This is a breach of contract cause of action brought by Primestar Construction, Inc. |
| *Trial Court:* | The Honorable Craig Smith. 192nd Judicial District Court, Dallas County, Texas. |
| *Parties in Trial Court:* | Primestar Construction, Inc. - Plaintiff; City of Dallas, Texas - Defendant. |
| *Trial Court Disposition:* | Plea to the Jurisdiction rendered in favor of the Defendant. |

## ISSUES PRESENTED

I.      The trial court erred in granting the Plea to the Jurisdiction because the sovereign immunity of the City of Dallas has been waived by statute.

II.     The trial court erred in granting the Plea to the Jurisdiction because the doctrines of *res judicata* and collateral estoppel are not applicable.

III.    The trial court erred in granting the Plea to the Jurisdiction because the Appellant had standing to pursue her cause of action for breach of contract.

IV.     The trial court erred in granting the Plea to the Jurisdiction because a Certificate of Merit is not applicable to this litigation.

V.      The trial court erred by not entering properly requested Findings of Fact and Conclusions of Law.

# STATEMENT OF FACTS

On May 8, 2017, the Plaintiff filed its Original Petition asserting a breach of contract and wrongful termination of the contract by the Defendant, the City of Dallas. (C.R. 11-43.) On June 5, 2017, the Defendant filed its Plea to the Jurisdiction, in the Alternative, Special Exceptions; or, in the Alternative, Original Answer. (C.R. 44-52.)

On June 21, 2017, the Plaintiff filed its Response to Defendant's Plea to the Jurisdiction and Special Exceptions. (C.R. 53-56.) On July 21, 2017, the Defendant filed its Plea of *Res Judicata* and Collateral Estoppel; Motion to Dismiss for Failure to File a Certificate of Merit and Supplemental Special Exceptions. (C.R. 57-75.) On August 21, 2017, the Plaintiff filed its Response to Defendant's Plea of *Res Judicata* and Collateral Estoppel; Motion to Dismiss for Failure to File a Certificate of Merit; and Supplemental Special Exceptions. (C.R. 76-81.) Subsequently, the parties filed their respective briefs and responses to the issues that were before the trial court. (C.R. 82-247; 248-267.)

On October 31, 2017, the trial court entered its order granting the Defendant's Plea to the Jurisdiction, Plea of *Res Judicata* and Collateral Estoppel and Motion to Dismiss for Failure to File a Certificate of Merit. (C.R. 268.) On November 8, 2017, the Plaintiff filed its Motion for New Trial or, in the

1

Alternative, Motion for Reconsideration. (C.R. 269-273.) On that same date, the Plaintiff filed its Motion to Modify Judgment. (C.R. 274-275.)

On November 9, 2017, the Plaintiff timely filed its Request for Findings of Fact and Conclusions of Law. (C.R. 276-277.) On December 11, 2017, the Defendant filed its Response to Plaintiff's Request for Findings of Fact and Conclusions of Law, Motion to Modify the Judgment, and Motion for New Trial. (C.R.278-283.) On December 11, 2107, the Plaintiff filed its Objection and Reply to Defendant's Response to Plaintiff's Request for Findings of Fact and Conclusions of Law, Motion to Modify the Judgment and Motion for New Trial. (C.R. 284-286.)

On December 11, 2017, the Plaintiff timely filed its Notice of Past Due Findings of Fact and Conclusions of Law. (C.R.287-288.) On December 15, 2017, the trial court signed its Order Denying Plaintiff's Motion to Modify Judgment, Request for Findings of Fact and Conclusions of Law, and Motion for New Trial. (C.R. 296.)

On December 12, 2017, the Plaintiff timely perfected its appeal to the Court of Appeals for the Fifth Supreme Judicial District of Texas. (C.R. 297-298.)

## SUMMARY OF THE ARGUMENT

In this breach of a bilateral contract cause of action, the sovereign immunity of the City of Dallas, Texas has been waived by the statutory provisions of TEX. LOC. GOV'T CODE § 271.152. *See Zachry Construction Corp. v. Port of Houston Authority,* 449 S.W.3d 98 (Tex. 2014); *Clear Creek I.S.D. v. Cotton Commercial USA, Inc.,* 529 S.W.3d 569 (Tex. App.--Houston [14th Dist.] 2017, pet. filed); *West Texas Municipal Power Agency v. Republic Power Partners, L.P.,* 428 S.W.3d 299 (Tex. App.--Amarillo 2014, no pet.).

The doctrines of *res judicata* and collateral estoppel are not applicable to the facts and the law in this breach of a bilateral contract cause of action due to the fact that the City of Dallas, Texas was not a defendant in the federal action nor was the City of Dallas in privity of contract with the Plaintiff and Travelers Insurance concerning their insurance dispute. *See Igal v. Brightstar Info. Tech. Group,* 250 S.W.3d 78 (Tex. 2008); *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644 (Tex. 1996); *Sysco Food Services v. Trapnell,* 890 S.W.2d 796 (Tex. 1994); *Eagle Props., Ltd. v. Scharbauer,* 807 S.W.2d 714 (Tex. 1990).

The Plaintiff in this cause had the requisite standing to bring this breach of bilateral contract cause of action because the Plaintiff's rights had been reserved and the City of Dallas, Texas was on actual notice of the reservation of rights. *See*

3

*Vernco Construction, Inc. v. Nelson,* 460 S.W.3d 145 (Tex. 2015); *Patterson v. Planned Parenthood,* 971 S.W.2d 439 (Tex. 1998); *Nexstar Broadcasting, Inc. v. Fidelity Communications Co.,* 376 S.W.3d 377 (Tex. App.--Dallas 2012, no pet.); *Morris v. Allstate Insurance Co.,* 523 S.W.2d 299 (Tex. Civ. App.--Texarkana 1975, no writ).

The Plaintiff is not in the class of litigants where a Certificate of Merit is required to pursue this present litigation and the trial court erred by including the contrary finding in its judgment. The Plaintiff nor the Defendant is neither an licensed architect, licensed professional engineer, registered landscape architect and/or registered professional land surveyor and this litigation concerns the breach of a bilateral contract for payment and not for professional services. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(a); *Jaster v. Comet II Construction, Inc.,* 438 S.W.3d 556 (Tex. 2014); *Macina, Et Al. v. Yanez,* No. 05-17-00180-CV, 2017 WL 4837691 (Tex. App.--Dallas Oct. 26, 2017, pet. filed).

When a trial court considers evidence and testimony to determine jurisdictional facts concerning a Plea to the Jurisdiction, Findings of Fact and Conclusions of Law are both necessary and helpful for meaningful appellate review. *See, e.g., Hernandez v. Texas Department of Insurance,* 923 S.W.2d 192 (Tex. App.--Austin 1996, no writ). *See also Higginbotham v. General Life & Accident Insurance,* 796 S.W.2d 695 (Tex. 1990).

4

## ARGUMENT AND AUTHORITIES

**I.**     **The trial court erred in granting the Plea to the Jurisdiction because the sovereign immunity of the City of Dallas has been waived by statute.**

This appeal involves the breach of a bilateral contract for construction services provided to the Appellee by the Appellant. TEX. LOC. GOV'T CODE § 271.152 states:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter <u>waives sovereign immunity to suit for the purposes of adjudicating a claim for breach of the contract</u>, subject to the terms and conditions of this subchapter.

(Emphasis added.)

It is uncontroverted and undisputed that the Appellant's cause of action is for the breach of a bilateral contract entered into by the Appellee and the Appellant concerning the payment owed for construction services and the wrongful termination of the contract by the Appellee. (C.R. 12-24, 27-43.) It is undeniable that the Appellee, the City of Dallas, Texas, is a home-rule city and local governmental entity that is subject to the provisions of TEX. LOC. GOV'T CODE § 271.152. The Court in *Zachry Construction Co. v. Port of Houston Authority,* 449

S.W.3d 98, 109 -114 (Tex. 2014), set out the exact parameters of what constitutes waiver of sovereign immunity by a local governmental entity that has entered into a bilateral contract and the damages that may be recovered in a suit for breach of that contract. The Appellant's cause of action meets all of the statutory and Supreme Court of Texas' criteria, thus the sovereign immunity of the Appellee has been unambiguously waived by statute and applicable case law. *See also Clear Creek I.S.D. v. Cotton Commercial USA, Inc.,* 529 S.W.3d 569, 578-580 (Tex. App.--Houston [14th Dist.] 2017, pet. filed); *West Texas Municipal Power Agency v. Republic Power Partners, L.P.,* 428 S.W.3d 299, 306-310 (Tex. App.--Amarillo 2014, no pet.). The judgment of the trial court should be reversed and remanded with instructions to order a new trial.

## II.    The trial court erred in granting the Plea to the Jurisdiction because the doctrines of *res judicata* and collateral estoppel are not applicable.

*Res judicata,* or claim preclusion, prevents the relitigation of a claim or cause of action that was finally adjudicated in a earlier suit. *See Citizens Ins. v. Daccach,* 217 S.W.3d 430, 449 (Tex. 2007); *Hallco Tex., Inc., v. McMullen Cty.,* 221 S.W.3d 50, 58 (Tex. 2006). If the claims and/or causes of action arise from the same set of operative facts, the doctrine of *res judicata* applies and the claims and/or causes of action will be barred in a subsequent suit. *See Samuel v. Federal Home Loan Mortgage Corp.,* 434 S.W.3d 230, 234 (Tex. App.--Houston [1st Dist.]

6

2014, no pet.); *Musgrave v. Owen,* 67 S.W.3d 513, 519 (Tex. App.--Texarkana 2002, no pet.).

Additionally, in order for *res judicata* to apply, the parties in the second suit are the same in the first suit or in privity with them. *Igal v. Brightstar Info. Tech. Grp.,* 250 S.W.3d 78, 86 (Tex. 2008); *Citizens Ins.,* 217 S.W.3d at 449. It is uncontroverted and undisputed that the City of Dallas, Texas, was not a party to the lawsuit filed in the United States District Court, Northern District of Texas, Dallas Division. (C.R. 162-177.) Additionally, the federal district court unambiguously and expressly held, "[T]he third party claim against the City of Dallas **appears to be unrelated to Primestar's liability under the indemnity agreement**, and Primestar has not explained why the claim is necessary to the disposition of this case." (C.R. 213.) (Emphasis added.) It is undisputed that the Appellee, the City of Dallas, Texas, was not and is not a party to the final judgment rendered by the federal district court. (C.R. 228.) Lastly, there has been no evidence presented, either in the trial court below or in the federal district court, that the Appellee, the City of Dallas, Texas, was ever in privity of contract concerning the indemnity agreement between the Appellant and Travelers Insurance that was litigated in the federal district court. *See Igal; Citizens Ins., supra.* Simply put, the doctrine of *res judicata* is not applicable to this litigation.

7

The Appellee contends that the doctrine of collateral estoppel also does not apply. Collateral estoppel prevents a party from relitigating a particular fact issue that the party had already litigated and lost in an earlier suit. *State & County Mutual Fire Ins. v. Miller,* 52 S.W.3d 693, 696 (Tex. 2001); *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex. 1992). To invoke collateral estoppel, a party must establish: (1) the same facts sought to be litigated in the second suit were fully litigated in the first suit, (2) those facts were essential to the judgment or final order in the first suit, and (3) the parties were cast as adversaries in the first suit. *See Sysco Food Services v. Trapnell,* 890 S.W.2d 796, 801 (Tex. 1994); *Eagle Properties. Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex. 1990). The litigation in the trial court below and the federal district court litigation do not meet all of the criteria for the doctrine of collateral estoppel to apply. (C.R. 213; 218.) The trial court most certainly has the requisite subject-matter jurisdiction to adjudicate the controversy. The judgment of the trial court should be reversed and remanded with instructions to order a new trial.

**III.** **The trial court erred in granting the Plea to the Jurisdiction because the Appellant had standing to pursue her cause of action for breach of contract.**

The appellate record in this case clearly shows that the Appellee and the Appellant entered into a contract and that the Appellant brought its cause of action for breach of the contract by the Appellee, pursuant to the statutory provisions of TEX. LOC. GOV'T CODE § 271.152. When standing is conferred by statute, the plaintiff does not have to show that it suffered a particularized injury distinct from the general public. *See Andrade v. Venable,* 372 S.W.3d 134, 137 (Tex. 2012); *Everett v. TK-Taito, L.L.C.,* 178 S.W.3d 844, 850 (Tex. App.--Fort Worth 2005, no pet.). Because standing is a component of subject-matter jurisdiction, the issue cannot be waived and can be raised for the first time on appeal. *West Orange-Cove I.S.D. v. Alanis,* 107 S.W.3d 558, 583 (Tex. 2003); *Texas Assn. of Business v. Texas Air Control Board,* 852 S.W.2d 440, 445 (Tex. 1993). Standing focuses on who is the correct party to bring the suit. *See Vernco Construction, Inc. v. Nelson,* 460 S.W.3d 145, 149 (Tex. 2015); *Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442 (Tex. 1998). The Appellant certainly has statutory standing. Additionally, the appellate record contains evidence that the Appellant and Travelers Insurance had reserved the rights of the Appellant to pursue its cause of action in the trial court below. (C.R. 251-252; 272-273.) *See Nexstar Broadcasting, Inc. v. Fidelity Communications Co.,* 376 S.W.3d 377, 385 (Tex. App.--Dallas 2012, no pet.);

9

*Morris v. Allstate Insurance Co.,* 523 S.W.2d 299, 301 (Tex. Civ. App.--Texarkana 1975, no writ). The Appellee was **<u>actual notice</u>** of the reservation of Appellant's rights to pursue its cause of action and breached its affirmative duty to so inform the trial court. The Appellee's affirmative duty to the trial court and this tribunal never ceases, even on appeal. *See, e.g.,* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(a), (b) & cmt. 2, 3, 7; TEX. DISCIPLINARY R. PROF'L CONDUCT 3.04(a), (b) & cmt. 1, 2. *See also In re City of Lancaster,* 228 S.W.3d 437, 441 (Tex. App.--Dallas 2007, orig. proceeding); *In re Methodist Dallas Medical Center,* No. 05-13-00134-CV, 2013 WL 3423112, at *1 (Tex. App.--Dallas Jun. 3, 2013, orig. proceeding). The Appellant most certainly had the standing to pursue its cause of action in the trial court. The judgment of the trial court should be reversed and remanded with instructions to order a new trial.

**IV.  The trial court erred in granting the Plea to the Jurisdiction because a Certificate of Merit is not applicable to this litigation.**

The trial court held an oral hearing on the Appellee's Plea to the Jurisdiction and Motion to Dismiss. At the hearing, the trial court explicitly held that the Appellant was not required to file a Certificate of Merit nor was a Certificate of Merit relevant to the Appellant's cause of action. (1 C.R.R. 17-18.) Secondly, the Appellant is not in the class of litigants where a Certificate of Merit is required to pursue this present litigation and the trial court erred by including the contrary

finding in its judgment. The trial court should have granted the Motion to Modify Judgment and deleted the Certificate of Merit finding from its judgment. (C.R. 274-275, 289-294.) The Appellee is neither an licensed architect, licensed professional engineer, registered landscape architect and/or registered professional land surveyor and this litigation concerns the breach of a bilateral contract for payment and not for professional services. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(a); *Jaster v. Comet II Construction, Inc.,* 438 S.W.3d 556, 571 (Tex. 2014); *Macina, Et Al. v. Yanez,* No. 05-17-00180-CV, 2017 WL 4837691 at *2-3 (Tex. App.--Dallas Oct. 26, 2017, pet. filed). A Certificate of Merit is not required in this litigation. The judgment of the trial court should be reversed and remanded with instructions to order a new trial.

**V.     The trial court erred by not entering properly requested Findings of Fact and Conclusions of Law.**

The trial court not only received documentary evidence, which has already been referenced above, but received live testimony before ruling to grant the Plea to the Jurisdiction. (2 C.R.R. 22-28. ) The Appellant timely and properly requested Findings of Fact and Conclusions of Law concerning the jurisdictional issue after the trial court granted the Plea to the Jurisdiction. (C.R. 276-277.) The trial court never entered the requested findings and conclusions and the Appellant timely and properly filed its Notice of Past Due Findings of Fact and Conclusions of Law.

(C.R. 287-288.) The trial court denied entering the requested Findings of Fact and Conclusions of Law. (C.R. 296.)

A trial court must consider evidence and testimony on a plea to the jurisdiction when the evidence and testimony are necessary to determine jurisdictional facts. *Heckman v. Williamson County,* 369 S.W.3d 137, 150 (Tex. 2012); *Bland v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000). Since the trial court considered evidence and testimony when ruling on the Plea to the Jurisdiction, Findings of Fact and Conclusions of Law are both necessary and helpful for meaningful appellate review. *See, e.g., Hernandez v. Texas Department of Insurance,* 923 S.W.2d 192, 194 (Tex. App.--Austin 1996, no writ). *See also Higginbotham v. General Life & Accident Insurance,* 796 S.W.2d 695, 695 (Tex. 1990). The trial court abused its discretion and reversibly erred by not entering the requested Findings of Fact and Conclusions of Law. The judgment of the trial court should be reversed and remanded with instructions to order a new trial.

## **PRAYER**

For the foregoing reasons, the Appellant, Primestar Construction, Inc., requests that judgment of the trial court be reversed and remanded with instructions to order a new trial.

12

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.


By: /s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
(713) 659-7330
(713) 599-1659 (FAX)
SBOT# 21633500
attyjrwii@wisamlawyers.com

ATTORNEY FOR APPELLANT
PRIMESTAR CONSTRUCTION,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Charles Estee, Assistant City Attorney, 1500 Marilla Street, 7DN Dallas City Hall, Dallas, Texas 75201, on the 26th day of March, 2018.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

## CERTIFICATE OF COMPLIANCE

I certify that the Brief of Appellant submitted complies with TEX. R. APP. P. 9 and the word count of this document is 2,733. The word processing software used to prepare the document and to calculate the word count is Windows 7.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

# APPENDIX

# Appendix 1

NO. DC-17-05460

| PRIMESTAR CONSTRUCTION, INC | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 192ND JUDICIAL DISTRICT |
| | § | |
| THE CITY OF DALLAS | § | |
| Defendant. | § | OF DALLAS COUNTY, TEXAS |

## ORDER ON CITY OF DALLAS'S PLEA TO JURISDICTION; PLEA OF RES JUDICATA AND COLLATERAL ESTOPPEL; AND MOTION TO DISMISS FOR FAILURE TO FILE A CERTIFICATE OF MERIT

ON THIS DATE the Court considered Defendant City of Dallas's Plea to Jurisdiction; Plea Res Judicata and Collateral Estoppel; and Motion to Dismiss for Failure to File a Certificate of Merit. The Court, after reviewing the pleas and motion, finds that good cause has been shown for the granting of the Pleas and Motion.

IT IS, THEREFORE, ORDERED that the Court, GRANTS the Defendant City of Dallas's Plea to Jurisdiction; Plea Res Judicata and Collateral Estoppel; and Motion to Dismiss for Failure to File a Certificate of Merit.

SIGNED this 31 day of October 2017.

_____
JUDGE PRESIDING

# Appendix 2

CAUSE NO. DC-17-05460

| PRIMESTAR CONSTRUCCTION, INC, | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiff, | § § § | |
| VS. | § § | 192nd JUDICIAL DISTRICT |
| CITY OF DALLAS, TEXAS, Defendant. | § § § | DALLAS COUNTY, TEXAS |

## ORDER DENYING PLAINTIFFS' MOTION TO MODIFY JUDGMENBT, REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND MOTION FOR NEW TRIAL

ON THIS DATE the Court considered Plaintiff's Motion to Modify Judgment, Request for Findings of Fact and Conclusions of Law, and Motion for New Trial. The Court, after reviewing the motion and requests and the City of Dallas's response and hearing the argument of counsel, finds that the motions and request should be denied.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Modify Judgment, Request for Findings of Fact and Conclusions of Law, and Motion for New Trial are DENIED.

SIGNED this __15__ day of December 2017.

_____
JUDGE PRESIDING

**Order Denying Plaintiff's Motion to Modify Judgment, Request for Findings of Fact and Conclusions of Law, and Motion for New Trial.**

**Page 1 of 1**